JAMES W. DOON *vs.* FRED L. FELTON.

Worcester.    October 5, 1909. — October 18, 1909.

Present: KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Practice, Civil,* Exceptions, Findings and rulings by judge sitting without jury, Judge's memorandum, Conduct of trial.    *Evidence,* Presumptions and burden of proof, Admitted *de bene,* Relevancy and materiality.

A judge sitting without a jury for the hearing of an action at law has a right, where the evidence is conflicting, to disbelieve all or any part of the testimony of the defendant's witnesses and to adopt one of two inconsistent statements testified to by the plaintiff's witnesses; and an exception to the exercise of that right must be overruled.

Where, as to certain requests made of him by the defendant at the trial of an action of contract, for rulings of law based upon certain assumed findings of fact, a judge sitting without a jury states in a memorandum filed by him that he "gave the . . . requests, so far as they were applicable to the evidence," if he also found for the plaintiff, which he could not have done if he had found the facts as they were assumed to be in the requests, an exception by the defendant "to the modified ruling" on the requests cannot be sustained, since the·

meaning of the judge's memorandum is that he did not find the facts as stated in the requests.

At the trial before a judge sitting without a jury of an action of contract for the board of horses, the defendant asked the judge to rule " that the act of the plaintiff in charging the board of the horses to " the defendant "was unauthorized by " the defendant "and cannot bind him." In a memorandum as to the request the judge stated, " I excluded the books of the plaintiff on the question of the party liable, and did not consider them on that question. . . . I denied the . . . request, unless it be held to ask for a ruling as above, in which case (or in any case) I gave the above ruling, viz.: that the entries in the plaintiff's books, made by the plaintiff, or under his authority, are not competent on the issue of the party liable." The finding was for the plaintiff, and the defendant excepted. _Held_, that the exception must be overruled, since the judge without doubt meant that he recognized the correctness of the legal proposition contained in the request, but found as a fact that the act of the plaintiff in charging the board of the horses to the defendant was authorized by him.

Where, at the trial of an action before a judge sitting without a jury, evidence, subject to an exception by the defendant, is admitted _de bene_ on the statement of the plaintiff's counsel that he would by evidence subsequently to be introduced make it competent, if such further evidence is not introduced subsequently, but the defendant does not move to have the evidence admitted _de bene_ stricken out, his exception to its admission must be overruled.

At the trial of an action of contract for the board of horses, a matter in issue was whether an agreement which was made as to the board between the plaintiff and the defendant was understood by the plaintiff to be made by the defendant on his own behalf or on the behalf of one S., and, subject to exception by the defendant, evidence was admitted tending to show that at the time the agreement was made the defendant was holding himself out as the person carrying on the business in which the horses were used. _Held_, that the evidence was admissible and important in determining whether the plaintiff had a right to understand and did understand that the defendant was acting for himself in the negotiations.

CONTRACT. Writ in the Central District Court of Worcester dated April 6, 1908.

On appeal to the Superior Court, the case was heard by _Dana_, J., without a jury. The facts are stated in the opinion. The judge found for the plaintiff; and the defendant alleged exceptions.

The case was submitted on briefs.

_J. S. Gould_, for the defendant.

_J. W. Sheehan & L. Cutting_, for the plaintiff.

LORING, J. This action was tried by a judge without a jury. There was a finding for the plaintiff and the case is here on exceptions.

The contention mainly insisted upon is that the finding was not warranted by the evidence.

The action was brought to collect the balance due for the

board of two of the defendant's horses for the months of May, June, July and August, 1907.

It appeared that the plaintiff was the proprietor of a boarding stable. His son testified that he kept the books and looked after the business ; that in December, 1906, he met the defendant, who said to him that he (Felton) was coming up to see him "about boarding his horses," that he was not satisfied with the way they were kept; and he wanted to know the best price at which he (the witness) would take them. The son answered $20 a month for each horse. The defendant said that he would look the matter up and if he decided to make a change he would send the horses to the plaintiff's stable. That "at a later date" the horses, with some wagons and sleighs bearing the defendant's name, were brought there. They remained there until August 31 or September 1, 1907, when they were taken away without notice. The plaintiff's son also testified that he knew the bakery where the horses were used, and that there was a sign on it bearing the defendant's name ; that monthly bills were all made out to the defendant and handed to the driver of the team ; that the driver took them away, later brought the money in payment, and then took away the receipted bills. The son also testified that when the driver brought the money for the first month's board he (the son) asked him who was running the bakery ; that the driver said he did not know, and the son answered that he would give him (the driver) a receipt for the defendant, "as he made the contract with me for the horses." The son further testified that the price of board was advanced to $22 a month on March 1, and a letter to that effect was written to the defendant by him, and "mailed to F. L. Felton, Worcester, Mass. "; and that he (the witness) never received any answer. The plaintiff himself testified that "he had written Mr. Felton a letter at the time of the second advance," in which he told him in substance that on account of the further advance in the price of hay and grain the price of board would be $23 a month. He also testified that "right after" the horses were taken away he went to the bakery "and asked Felton° to pay the bill and asked him why he took his horses away ; that Felton said he had a private stable to keep them in ; that he could not tell what he would do about that bill ; that he

would have to think it over and see later; 'that he would let me know in a few days about paying the bill'; that Felton said something about Sanford was to have paid the bill; . . . that three or four days after the first conversation Felton told him that he had counselled [consulted] with his attorney and had decided not to pay the bill; 'I told Felton that we knew nobody else in the case but him; we have never held any one else responsible; that he held the contract with us for the keeping of the horses; that we knew no one else; that all the bills were made to him and that the correspondence had been with him, and we should be obliged to collect the bill from him; I told him the horses were contracted in his name, sent there by his man and the bills made out to him; the money was paid as a credit to him and that I never looked at Sanford as anything but a manager of the bakery; Mr. Felton told me that he had let the place to Sanford and that Sanford was the man who should have paid all the bills for the board of the horses '; that this was the first time he ever knew that Sanford was to pay for the board of the horses."

The defendant's case was that in August, 1906, one Sanford bought from him the stock in trade of the bakery; that he let the store, machinery, fixtures, horses and wagons to Sanford; that he asked the plaintiff's son the price of board for the horses in behalf of Sanford and told him so at the time. The defendant introduced the testimony of the driver and of one Hull, who was the foreman of the plaintiff's stable until July of the year in question, that the plaintiff knew that Sanford was running the bakery and the horses as part of it when they came to the stable.

The case was a case of conflict in the evidence. The difficulty with the defendant's argument is that he does not recognize the right of the judge to disbelieve all or any part of the defendant's testimony and to adopt one of two inconsistent statements testified to by the plaintiff's witnesses.

The defendant asked the judge to rule: * "2. That if Hull, as the agent of the plaintiff, received the horses in the first

---

* All of the requests of the defendant mentioned in the opinion were in writing under the heading " Requests for Rulings of Law."

instance on the credit and for the account of Sanford, the plaintiff cannot recover unless Felton, after the horses were received by Doon, became legally responsible to pay for the board of the horses," and "4. That the legal effect of the conversation between Doon, the son, and Felton at Clark's Block was not to constitute a contract between Doon, the plaintiff, and Felton, that would authorize Doon to charge the board of the horses to Felton, unless Felton actually sent the horses to Doon for board, or authorized them to be sent." It is stated in the judge's "decision" that he "gave the defendant's second and fourth (law) requests, so far as they were applicable to the evidence." The defendant excepted "to the modified ruling" on the second and fourth requests and now asks that these exceptions be sustained. Doubtless what the judge meant by this modification was that he did not find the facts to be as stated in the requests.

The defendant asked the judge to rule: "3. That the act of the plaintiff in charging the board of the horses to Felton was unauthorized by Felton and cannot bind him." In the judge's decision it is stated: "I excluded the books of the plaintiff on the question of the party liable, and did not consider them on that question. . . . I denied the defendant's . . . third (law) request, unless it be held to ask for a ruling as above, in which case (or in any case) I gave the above ruling, viz.: that the entries in the plaintiff's books, made by the plaintiff, or under his authority, are not competent on the issue of the party liable." Again the judge without doubt meant that he recognized the correctness of the legal proposition contained in this request for a ruling, but he found as a fact that the act of the plaintiff in charging the board of the horses to the defendant was authorized by him.

The next exception argued by the defendant is to the introduction of the bills made against the defendant. This was admitted *de bene* on the statement of the plaintiff's counsel that he would offer evidence that they were "brought home," by which we understand the judge to have meant that they were sent to the defendant. The plaintiff failed to offer that evidence. The judge struck out the books in which the board had been charged to the defendant, although no motion to that effect seems to have been made. In his decision the judge states: "I excluded

the books of the plaintiff on the question of the party liable, and did not consider them on that question." He doubtless would have struck out the bills also had he thought of them. It was proper for the judge to admit the evidence *de bene.* It was the duty of the defendant to ask to have it stricken out when the plaintiff failed to bring it home to the defendant. Not having done so he has no ground of exception. *Commonwealth* v. *Johnson,* 199 Mass. 55, and cases cited.

The defendant took an exception to the admission of evidence that during the time here in question the defendant's name was on the carts and sleighs and over the door of the bakery. When this evidence was offered the plaintiff disclaimed all attempt to hold the defendant on the ground that he was the person who was in fact carrying on this business. The fact that the defendant was holding himself out as the person carrying on the business was of importance in determining whether the plaintiff had a right to understand and did understand that the defendant was acting for himself in asking the price of board and whether the horses were sent to the plaintiff's stable by the defendant.

The defendant has argued that the letters as to the two advances made in the price of board were not admissible. But he did not object to them when they were offered in evidence. The fact that they might have been objected to is of no consequence. *Garfield & Proctor Coal Co.* v. *Pennslyvania Coal & Coke Co.* 199 Mass. 22. *Hubbard* v. *Allyn,* 200 Mass. 166.

We have not discussed several other questions argued by the defendant, which were not raised by the exceptions taken at the trial.

*Exceptions overruled.*