HENRY WOOD vs. FRED F. BLANCHARD.

Suffolk.    March 6, 1912. — May 24, 1912.

Present: RUGG, C. J., BRALEY, SHELDON, & DeCOURCY, JJ.

*Contract,* Performance and breach.    *Evidence,* Presumptions and burden of proof.
    *Waiver.*

In an action for the breach of a contract by which the defendant agreed to give to
    the plaintiff his personal note secured by a mortgage on certain real estate to
    secure a loan from the plaintiff to the defendant, where the defendant set up
    and relied upon an alleged waiver of the defendant's agreement to give his
    personal note, there was evidence that the defendant left with one who subse-
    quently acted as attorney for the plaintiff a note of a third person secured by a
    mortgage on the real estate in question made by such third person, that this
    mortgage subsequently was foreclosed by the plaintiff and that the amount re-
    ceived from the foreclosure sale was credited upon the plaintiff's claim against
    the defendant, but there also was evidence that the attorney when the mortgage
    made by the third person was left with him declined to receive it as a compli-
    ance with the defendant's agreement.    *Held,* that the question whether the
    mortgage made by the third person was accepted by the plaintiff in substitu-
    tion for the mortgage and note of the defendant and thus constituted a
    waiver was for the jury, and that the burden of proving this as an affirmative
    defense was upon the defendant.

CONTRACT, originally with six counts.    Writ in the Municipal
Court of the City of Boston dated November 2, 1901.

On appeal to the Superior Court the case was tried before
*Pierce,* J.    All of the counts of the declaration except the fourth
and sixth were waived by agreement before the trial.    The evidence
is described in substance in the opinion.    At the close of the evi-
dence the defendant asked for certain rulings of which the first
four were to the effect that the plaintiff was not entitled to recover
on the fourth and sixth counts.    At the suggestion of the presiding
judge the pleadings then were amended as stated in the opinion.
The amended declaration was on a contract in writing as there
quoted, and alleged that the plaintiff lent the defendant $1,000 as
provided in the agreement but that the defendant refused and
neglected to give him a second mortgage upon the real estate in
Malden described in the agreement, and neglected to improve
and develop that property from which he had agreed that the
plaintiff should receive twenty-five per cent of the net profits.

The answer contained an allegation that the plaintiff waived any right to a note and mortgage signed by the defendant by receiving, accepting, recording and foreclosing a mortgage on the premises in Malden signed by Austin R. Smith together with the receipt of the note signed by Smith.

The judge then refused to make the following rulings requested by the defendant:

"6. Upon all the evidence as a matter of law, the plaintiff waived his claim to receive the defendant's personal note by recording and foreclosing the mortgage given to him by Austin R. Smith to secure Smith's note to the plaintiff, and in so doing the plaintiff made an election to receive that note and mortgage instead of the defendant's." [The mortgage of Smith was upon the real estate in Malden mentioned in the agreement, which had been conveyed to Smith by the defendant.]

"8. As a matter of law, the plaintiff cannot recover in this action upon the written contract in evidence, but must bring an action for an accounting between himself and the defendant."

The judge submitted the case to the jury, giving, upon the question of waiver, the instructions described in the opinion. The jury returned a verdict for the plaintiff in the sum of $881.87; and the defendant alleged exceptions.

*W. R. Bigelow,* for the defendant.

*R. G. Dodge,* for the plaintiff.

RUGG, C. J. The fair interpretation of that which occurred at the close of the evidence when the defendant's requests for rulings were presented is that the suggestion of the court, to the effect that in order to present the issues fairly both parties needed to amend their pleadings, was adopted by both parties. The result was that an amendment to the declaration and an amendment to the answer were filed. The case was submitted to the jury on the amended pleadings. The other counts dropped out of the case. This is equivalent to the contention of the defendant that his first four prayers were granted. At all events, it is plain that the judge of the Superior Court did not treat anything as open except the amended pleadings, and the parties acceded to this without objection.

The case of the plaintiff then rested upon an alleged breach by the defendant of a written agreement, signed by both parties, of

the following tenor: "Agreement made this eighteenth day of December, 1900, between Fred F. Blanchard of Malden, Mass., and Henry Wood of Natick, Mass., whereby it is mutually agreed and understood that the said Wood is to receive 25 per cent of all net profits accruing from estates Nos. 51, 53, 55 and 61 Glen Ave. Malden, Mass. (which is to be derived from the improvement and development of said property), in consideration for the loan of $1,000 secured by second mortgage on said premises." A large amount of evidence was introduced without objection or exception showing the circumstances of the parties at the time when this agreement was made. It is not necessary to decide whether all of this evidence as to the terms of the agreement between the parties was competent as relating to separate or collateral matters as to which the document was silent (*Durkin* v. *Cobleigh,* 156 Mass. 108), or as tending to explain ambiguous parts of the contract (*Jennings* v. *Puffer,* 203 Mass. 534), for being admitted without objection it was entitled to its probative force, and properly was considered by the jury. *Hubbard* v. *Allyn,* 200 Mass. 166. The case upon this aspect is distinguishable from *Butterick Publishing Co.* v. *Fisher,* 203 Mass. 122, 132, 133, and other like decisions.

There was evidence from which the jury might have found that the agreement between the parties, in addition to that stipulated in writing, was that the defendant should give to the plaintiff his personal note secured by a mortgage upon the real estate in question, and that he should use the money advanced to him by the plaintiff in the improvement of the real estate, and that there was a breach of this agreement by the defendant. It follows that the request of the defendant to the effect that the plaintiff could not recover upon the written contract, but must bring an action for an accounting between himself and the defendant, was refused rightly. The agreement, if found to be that the defendant should give his personal note to the plaintiff, was not fulfilled by the tender of a mortgage and note of a third person. There was evidence from which it might have been found that the defendant did substantially nothing in compliance with the terms of the contract, and it plainly could have been found that if any joint enterprise was contemplated by the agreement, the defendant never performed his part in any material respect.

The defendant requested a ruling that the plaintiff waived his claim to receive the defendant's personal note by recording and foreclosing the mortgage given by one Smith to secure the latter's note to the plaintiff, and that thereby the plaintiff elected to receive the Smith note and mortgage instead of the defendant's. This request was predicated upon evidence from which it might have been found that at a considerable time after the making of the agreement the defendant left with one Baker, who subsequently acted as attorney for the plaintiff, a mortgage and note by one Smith to the plaintiff, and that this mortgage was subsequently foreclosed by the plaintiff, and the amount received from the foreclosure sale was credited upon his claim against the defendant. There was testimony from Mr. Baker that at the time the Smith mortgage was left with him he declined to receive it from the defendant as a compliance with the agreement. The Superior Court left it to the jury to find whether the Smith mortgage was accepted in place of a mortgage and note by the defendant, and gave ample instructions as to what would constitute a waiver, and expressly instructed them that if the parties understood that the Smith mortgage was received in substitution for the mortgage of the defendant, that would constitute a waiver. The waiver of the terms of the agreement was set up as a defense. This being an affirmative defense, the burden was upon the defendant to establish it. *Boyden* v. *Hill,* 198 Mass. 477, 486. Whether this burden had been sustained or not depended upon oral testimony and the circumstances under which the parties acted and all the reasonable inferences. This was a fact to be determined by the jury. It is rarely if ever that it can be ruled as matter of law that the burden of proof in a case like this has been sustained. *Worcester Color Co.* v. *Henry Wood's Sons Co.* 209 Mass. 105, 110.

*Exceptions overruled.*