JANE L. BAXTER *vs.* NEW YORK, NEW HAVEN, AND HARTFORD
RAILROAD COMPANY.

Suffolk.   December 11, 1912. — May 19, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Practice, Civil*, Exceptions, Memorandum.

Where a judge, who, without a jury, heard an action of tort for personal injuries,
found, upon conflicting evidence, that the defendant was negligent but that the
plaintiff received no substantial injury, and found for the defendant, this court,
upon an exception by the plaintiff "upon the ground that as a matter of law
the evidence" was "not sufficient to support" the findings, has no jurisdiction
to review the findings, but only to say as a matter of law whether there was
evidence which authorized the finding for the defendant.

An action by a woman against a railroad company for personal injuries, alleged
to have been caused by the starting of a train of the defendant as the plaintiff
was in the act of alighting, was heard by a judge without a jury.  The plaintiff
testified that she was thrown against the car and against the railing and down
to the edge of the car platform, and that she suffered injuries to her abdomen
and spine.  The testimony was controverted.  The judge filed a memorandum
stating that the defendant was negligent, that there was no unusual violence
in the starting of the train, that he was satisfied that the plaintiff "did not fall
at all," that it was "possible that, by taking some of her testimony, some of
the defendant's testimony, and by finding against some of her contentions and
in favor of others, a case might be made for her," but that "neither from her
account of what occurred at the train nor from her subsequent experience" was
he "able to say" that she had satisfied him that she received any substantial
injury; and he found for the defendant.  *Held*, that it did not appear from the
memorandum that the judge had believed the plaintiff's testimony, and there-
fore that, on an exception by the plaintiff to the finding as not justified by
the evidence, it was not necessary to consider an argument of the plaintiff
based on the assumption that the judge had believed her testimony.

TORT for personal injuries alleged to have been caused by the
plaintiff, a woman eighty years of age, being thrown from a train
of the defendant as she was in the act of alighting.  Writ dated
May 15, 1911.

In the Superior Court the case was heard by *Lawton*, J., without
a jury.  The memorandum filed by the judge and referred to in
the opinion was as follows:

"I find that the defendant was negligent.  I am satisfied that
there was no unusual violence in the starting of the train.  I have

considered that the result of throwing a person backwards against anything is sometimes a blow, sometimes a wrench and sometimes both, and that it is seldom easy to tell the exact cause of the injury. But the violence of the blow and wrench must depend on the distance and the way the body moved. In this case the distance was substantially certain. . . .

"Mrs. Connery's testimony places Mrs. Baxter at the instant the train started at the edge of the platform, one foot on it and the other lifted ready to descend backwards. The train, so far as appears, was on a straight track, slightly down grade. When it started its force would tend to throw her to one side. That it would cause her to fall forward on her stomach and face is, to say the least, highly improbable. If she had been in the place and position described and had fallen at all, it seems certain that she would have fallen backwards down the steps. I am satisfied that she did not fall at all. I am satisfied that her original story was *that she was thrown against the ironwork or some other part of the* car. The plaintiff's counsel has suggested in his argument that inasmuch as the platform is a part of the car, the statement fairly means: 'I was thrown to one side and then thrown down.' The suggestion is sufficiently cynical to make other comment unnecessary.

"It is possible that by taking some of her testimony, some of the defendant's testimony, and by finding against some of her contentions and in favor of others, a case might be made for her. It is quite possible she was thrown to one side and that she received a sufficiently hard blow or wrench to be called a substantial injury, sufficient to support and to have tacked on to it the accompanying fright and nervous shock which might well come to a woman of eighty years, tired out after a long day of travel. How much of her subsequent condition was due to this shock and how much was due to the injudicious sympathy, to say no more of it, of the family and the doctors, the lack of encouragement and perhaps of kindly firmness, or to old age pure and simple, it would not be easy perhaps to say. It is certain that all the symptoms of whose existence I am satisfied are entirely consistent with her having received no blow or wrench at all, and can be accounted for by other causes, some of which I have indicated. Neither from her account of what occurred at the train nor from her subsequent experience am I

able to say she has satisfied me that she received any substantial injury."

The other material facts are referred to in the opinion.

The judge found for the defendant; and the plaintiff alleged an exception "upon the ground that as a matter of law the evidence in the case is not sufficient to support the finding that the plaintiff received no substantial injury, and the finding in favor of the defendant."

*T. H. Russell,* for the plaintiff.

*J. L. Hall,* for the defendant, was not called upon.

LORING, J.   This case comes to us on an exception to a finding made by a judge who tried the case without a jury.   The exception is "upon the ground that as a matter of law the evidence in the case is not sufficient to support the finding that the plaintiff received no substantial injury, and the finding in favor of the defendant."   This exception was taken after the finding was made and no rulings were asked for by the plaintiff at the trial.

The plaintiff, a passenger on one of the defendant's trains, was in the act of stepping from the platform to the top step to alight at her destination, when through the defendant's negligence the train started prematurely.   Her evidence tended to show that she was thrown on to the edge of the platform, first back against the car and then forward against the railing, and was injured in her abdomen and spine.   The evidence introduced by the defendant was to the effect that "she did not fall" at all and received no injuries at the time.   In the conflict of evidence it was for the judge to decide which of the two was the true version of the accident.   We have no jurisdiction to review findings of fact.   As matter of law the evidence authorized the finding which was made in the case at bar.

In his finding the judge dealt with the case in detail.   His finding ends with these words: "Neither from her account of what occurred at the train nor from her subsequent experience am I able to say she has satisfied me that she received any substantial injury."   The plaintiff's principal argument is based upon the theory that the judge believed the plaintiff, and believing the plaintiff was wrong as matter of law in this finding.   But that is not the true construction of his finding.   Earlier in his finding the judge says: "I am satisfied that she did not fall at all," while the plaintiff testified that she did.   Manifestly what the judge meant

was that the plaintiff's "account of what occurred at the train" and her account of "her subsequent experience" taken in connection with the other evidence in the case had not satisfied him that she received any substantial injury. Under these circumstances it is not necessary to consider whether this argument is open to the plaintiff under the exception which was taken by her.

*Exceptions overruled.*