CADWALADER M. RAYMOND *vs.* MARY F. BAKER, administratrix.

Middlesex.    November 19, 1913. — November 25, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Assault and Battery.   Agency.*

In an action against the administrator of the estate of a person who had been financing a certain corporation for an assault and battery alleged to have been committed by a servant of the defendant's intestate, who was employed by the corporation as its factory manager, in ejecting the plaintiff from the factory building, a judge, before whom the case was tried without a jury, ruled at the defendant's request that unless the plaintiff proved by a preponderance of the evidence that the defendant's intestate personally ordered the ejection of the plaintiff from personal motives the plaintiff could not recover, and the defendant contended that the evidence was insufficient to warrant a finding that the order was given from "personal motives." The judge upon conflicting evidence found for the plaintiff. *Held,* that the question whether the person who committed the assault was acting as the servant of the defendant's intestate or as the servant of the corporation was one of fact and not of law and that the finding of the judge was warranted.

TORT for an assault and battery alleged to have been committed upon the plaintiff by one Dixon as the servant and agent of the defendant's intestate in ejecting the plaintiff from the building numbered 535 on Albany Street in Boston, occupied as a factory by the American Skate Company, a corporation financed by the defendant's intestate, of which the plaintiff was the sales manager and by which Dixon was employed as its factory manager,

---

the Appellate Division was made on June 5, 1913. The plaintiff's appeal to this court was filed on June 6, 1913.

he having been previously in the employ of the defendant's intestate. Writ dated August 14, 1912.

In the Superior Court the case was tried before *Irwin, J.,* without a jury. At the close of the evidence the defendant asked the judge to make the following rulings:

"1. Upon all the evidence plaintiff is not entitled to recover.

"2. There is no evidence to warrant a finding that Dixon in ejecting the plaintiff was acting as the agent or as the servant of the defendant's intestate.

"3. Unless the plaintiff proves by a preponderance of the evidence that the defendant's intestate personally ordered the ejection of the plaintiff from personal motives the plaintiff cannot recover.

"4. If the orders to keep the plaintiff from the factory were issued because of the complaints of Warner and for the business of the company the plaintiff is not entitled to recover." Warner was an employee of the American Skate Company, who formerly had worked for the plaintiff.

The judge refused to give the first two rulings requested. He gave the third ruling requested, and as to the fourth ruled that "in the light of the evidence this request cannot be given as stated." The judge found for the plaintiff in the sum of $1,200; and the defendant alleged exceptions.

*W. B. Farr,* for the defendant.

*J. W. Morton,* for the plaintiff.

HAMMOND, J. At the request of the defendant the judge ruled that unless the plaintiff proved by a preponderance of the evidence that the defendant's intestate "personally ordered the ejectment of the plaintiff from personal motives the plaintiff could not recover;" and the defendant insists that the evidence is insufficient to warrant a finding that the order was given from "personal motives."

Upon a careful perusal of the evidence we are of opinion that this question was not one of law but one of fact for the trial judge, and we cannot say that he erred in law in finding for the plaintiff. There was no error in the manner in which he dealt with the requests for rulings.

*Exceptions overruled.*