## MARY JACOBSEN *vs.* ROSIE SIMONS.

Suffolk.   January 14, 1916. — January 17, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Practice, Civil,* Rescript, Exceptions, Requests and instructions.

Where this court sustains exceptions by the plaintiff in an action of tort to a ruling ordering a verdict for the defendant, stating in their opinion as one ground of the decision that there was evidence for the jury that the plaintiff was in the exercise of due care, this does not mean that such a finding must be made upon the evidence, but only that the determination of that question was for the jury as a question of fact and not for the trial judge as a question of law.

A judge presiding at a trial cannot be required to select certain portions of the evidence for especial comment in his instructions to the jury.

BY THE COURT.   This case is reported in 217 Mass. 194 where the facts are recited.   It has since been tried to a jury who made a special finding that the plaintiff was not in the exercise of due care.   The plaintiff's requests for instructions were denied rightly.   Manifestly the earlier decision did not mean that as matter of law certain facts constituted due care, but only that there was evidence of facts, which might or might not be found by a jury to constitute due care.   The trial judge * could not be required to select parts of the evidence and give decisive instructions that such facts apart from others would constitute the care which either the plaintiff or the defendant was bound to exercise. The modification of the charge suggested by the plaintiff † at its conclusion stands on the same footing.   *Shattuck* v. *Eldredge,* 173 Mass. 165, 168.   *Herlihy* v. *Little,* 200 Mass. 284, 291.   *Plum-*

* *Hitchcock,* J.

† The judge in his charge to the jury had said: "The question to be answered would be this: Consider first, what a reasonable person would do in opening a door and going into a place such as the plaintiff claims that she started to go into.   What would a reasonable person do with reference to taking care of themselves?   And then did this plaintiff act as such reasonably prudent and careful person would have acted?" and the plaintiff's counsel suggested "that under the circumstances of this case it ought to be 'Who had been told by the proprietor to enter, if the jury should believe that she had been told.'"   The judge refused to change his charge, and the plaintiff excepted.

*mer* v. *Boston Elevated Railway,* 198 Mass. 499, 516. Whether it is due care for a person after invitation or consent by one in possession of a tenement to walk through an unfamiliar door into the dark was in this case at most a fact dependent upon all the circumstances. The judge was at liberty to state the evidence fairly in his own way or not to state it at all, according as he thought justice demanded in view of all the attendant conditions. The charge upon the subject of due care was full and accurate and amply protected the plaintiff's rights.

*Exceptions overruled.*

*E. J. Sullivan,* for the plaintiff.

*C. F. Smith,* for the defendant, was not called upon.