SIDNEY F. HOOPER & another *vs.* CHARLES CUNEO.

Suffolk.    March 6, 1917.    May 24, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Contract,* Performance and breach, Building contracts. *Waiver. Damages,* Recoupment. *Practice, Civil,* Rulings and instructions.

In an action by a builder against a landowner on an account annexed for work and materials furnished in the alteration of a house on the defendant's land under a contract, which the plaintiff with an honest intention had tried to perform fully but which he had failed in certain material respects to perform fully in accordance with its terms, the defendant's answer contained a claim in recoupment for damages suffered from the plaintiff's failure to comply with the terms of the contract. There was evidence that the defendant found fault with certain floors and that the alterations were not completed finally until four or five months after the time required by the contract, that, although the title to the land was in the defendant's name, the defendant's wife was the "real owner" of the property, that the defendant, after examining the building, said that, "if his wife would accept he would be satisfied," that an interview followed between the defendant's wife and the architect, that the defendant's wife directed the architect to write to the plaintiff that the building was accepted, and thereupon the defendant's wife received the keys of the house, and that shortly thereafter she and the defendant moved into the house. A judge, who heard the case without a jury, found that the defendant unqualifiedly accepted the work done and materials furnished by the plaintiff as being a sufficient compliance with the terms of the contract and waived any failure on the part of the plaintiff to perform the contract fully in accordance with its terms. *Held,* that the finding of the judge was warranted and that the plaintiff was entitled to recover the full amount claimed by him for work and materials without any reduction by way of recoupment.

A judge before whom a case is tried without a jury properly may refuse to make a ruling that is a correct statement of the law, if it is inapplicable to the facts of the case as found by him on evidence warranting such findings.

CONTRACT in three counts, the first to recover a balance of $999.40 alleged to be due on a contract in writing for the alteration of a dwelling house for the defendant, the second to recover a balance alleged to be due for certain extras performed in the alteration of the dwelling house amounting to $22 and the third, for the same cause of action as the first and second, on an account annexed to recover $1,021.40 (with interest) for labor and materials furnished in the alteration of the house. Writ in the Municipal Court of the City of Boston dated April 10, 1915.

The answer contained a general denial and a claim for recoupment.

On removal to the Superior Court the case was tried before *Hamilton*, J., without a jury. The bill of exceptions stated that it contained in substance "All the material evidence bearing upon the question of acceptance or approval of work performed and waiver on the part of the defendant, raised by the defendant's exceptions." This evidence is described in the opinion. At the close of the evidence the defendant asked the judge to make certain rulings, the character of which is indicated sufficiently in the opinion. The twenty-third ruling requested, which is referred to in the opinion, was as follows:

"23. The plaintiffs, not having fully performed the contract by the completion of the same within the time therein specified, cannot avail themselves of the advantages given the possession of an architect's certificate under the contract."

The judge made the following memorandum of decision:

"There was an honest intention on the part of the plaintiffs to fairly perform this contract, but they failed in certain material respects to fully perform it in accordance with its terms.

"The defendant unqualifiedly accepted the work done and materials furnished by the plaintiffs as being a sufficient compliance with the terms of said contract, and waived any failure on the part of plaintiffs to fully perform the contract in accordance with its terms.

"The defendant's requests for findings and rulings which are material, and which conform to the foregoing findings, are granted, and are denied in so far as they are contrary to and at variance with them."

The judge made no further disposition of the defendant's requests for rulings than that contained in the foregoing memorandum. He found for the plaintiffs in the sum of $1,080.30, which was the full amount claimed by them under the third count of their declaration. The defendant alleged exceptions.

*C. N. Barney,* (*H. A. Murphy & R. T. Woodruff* with him,) for the defendant.

*A. A. Yont,* for the plaintiffs.

BRALEY, J. The presiding judge having found that they honestly endeavored to perform their express contract, the

plaintiffs can recover on the third count on an account annexed for the value of the labor and materials less any deductions necessary to complete the work, but not in excess of the stipulated price. *Burke* v. *Coyne,* 188 Mass. 401, 404. And the defendant's twenty-third request is amply covered by this general finding.

The record is silent as to any defects, except that the defendant "found some fault with certain floors," and introduced evidence tending to show damages "by failure to receive his house" within eight weeks after August 27, 1914, the time named for completion in the contract. The delay seems to have been prolonged, for it was not until February 12, 1915, that the supervising architect wrote to the plaintiffs requiring certain work to be done, "before the contract job was completed." It appears that while the title was in the defendant's name his wife was the "real owner" of the property, and, if the judge believed the evidence of the plaintiff Hooper and of the architect, the defendant, after examining the building, said that, "if his wife would accept he would be satisfied." A subsequent interview between her and the architect followed, and upon conflicting evidence the judge further could find, that she directed the architect to write to the plaintiffs that the building was accepted, and that thereupon, having received the keys, she and her husband "moved into the premises shortly thereafter."

While the defendant undoubtedly could recoup damages for defects from incompleted work, and for any loss as provided in the contract which he suffered by the delay, yet he could waive not only full performance but also whatever loss had been sustained, and accept the building as and when it was left by the plaintiffs. *Norcross Brothers Co.* v. *Vose,* 199 Mass. 81. *Buttrick Lumber Co.* v. *Collins,* 202 Mass. 413, 419, 420. The questions of waiver and of acceptance were issues of fact. *Wood* v. *Blanchard,* 212 Mass. 53, 56. The judge on the evidence, that, after the expiration of the time limit for completion, the plaintiffs were permitted to continue work, and that after completion the defendant accepted it and took possession under conditions to which reference has been made, was warranted in finding independently of the architect's certificate, that the "defendant unqualifiedly accepted the work done and materials furnished by the plaintiffs as being a sufficient compliance with the terms

of said contract, and waived any failure on the part of the plaintiffs to fully perform the contract in accordance with its terms." *Freeland* v. *Ritz,* 154 Mass. 257. *Metropolitan Coal Co.* v. *Boutell Transportation & Towing Co.* 185 Mass. 391, 397. *Boyden* v. *Hill,* 198 Mass. 477. *C. W. Hunt Co.* v. *Boston Elevated Railway,* 199 Mass. 220, 230. The finding is not equivocal as the defendant contends, but covers any failure of compliance on which the defendant's right of recoupment depends. *Bryne* v. *Dorey,* 221 Mass. 399, 405. It follows under the judge's ruling denying the defendant's requests in so far as " contrary to and at variance" with the findings, that the requests regarding the waiver of the right to recoup for delay were denied properly, and the requests concerning the effect of the architect's certificate had ceased to be material or appropriate. *McLauthlin* v. *Wilder,* 138 Mass. 393, 397. *Shattuck* v. *Eldredge,* 173 Mass. 165.

The requests relating to acceptance are more in the nature of requests for findings than for rulings of law. But, whatever their purport, the judge was not required to rule on part of the evidence or to adopt any of the defendant's contentions as to its weight. *Briggs* v. *DePeiffer,* 214 Mass. 52. *Baxter* v. *New York, New Haven, & Hartford Railroad,* 214 Mass. 323. *Raymond* v. *Baker,* 216 Mass. 200. *Seager* v. *Drayton,* 217 Mass. 571. *Jacobsen* v. *Simons,* 222 Mass. 449.

Nor is it error for a trial judge to refuse a ruling not applicable to the facts of the case as found by him on evidence warranting the findings, even if the ruling requested is a correct statement of legal principles. *Doon* v. *Felton,* 203 Mass. 267, 271. *Coles* v. *Boston & Maine Railroad,* 223 Mass. 408, 416, 417. See *Clarke* v. *Second National Bank,* 177 Mass. 257, 264, 265.

The defendant having failed to show that he is aggrieved by any error of law, the exceptions must be overruled.

*So ordered.*