Hibbard, P. J.
In this action of contract, the plaintiffs seek to recover the sum of $90.80 from the' defendant, rep-, resenting .the premiums due for compulsory insurance policies on two automobiles for the year 1941. The answer is a general denial and payment.
The evidence tended to show that the plaintiffs were engaged in the insurance business, and were licensed agents for the Protective Indemnity Company in December of 1940 and in the year 1941. One Austin was a licensed broker' and in December of 1940, the plaintiffs wrote some policies^ for Mm, among others two issued to John Lay who •signed the applications for the r egistration of the machines. He brought both of these applications to the office of the plaintiff and they in turn completed the same and placed *30 the insurance with said company. The then completed registration applications were returned to- Austin- -and he secured the plate-s- for the- said J-ohn Lay. Austin was not an employee of the plaintiffs- nor an- agent of 'the company. His only interest was as- a broker and the extent of his activities was as above ¡set forth.
On-' or about January 3, 1941, the plaintiffs met with the said Lay and requested a payment of the premium® due on the policies. They then learned he- had already on the day previous paid the amount to the said Austin. Thereafter the said John Lay died and William Lay was duly appointed administrator of his estate and -continued to use 'the two automobiles. As the premiums were not paid, the plaintiffs on June 25th, 1941, caused a notice to- be sent to the def endant that they would be- cancelled as of July 22, 1941. Thereafter one of the plaintiffs met with the def endant who showed the check confirming his statement that payment had been made to- Austin. After .some discussion between them and with Austin who 'also- was present, the plaintiff Hurley and the- said Austin left the defendant and went into an adjacent office. Later the said plaintiff Hurley returned and- said 'to the defendant in Austin’-s- presence “All right, Bill, you can tear upi the notice of cancellation and you won’t hear from thi-s again.” However no payments of the premiums, -due- were received by the plaintiffs.
The plaintiffs seasonably filed the following requests- for rulings:
“1. Austin was not in 'the- employment of the plaintiffs. 2. Austin was not in the employment of the insurer. 3. Austin was hired by John Lay, and was his agent. 4. Austin did not negotiate the- insurance policy with the insurer. 5. The plaintiffs, being the ones who obtained and finally settled the- terms of the policy with the insurer are the ones- who negotiated *31 „ said policy. 6. Payment by John Lay to Austin did not constitute payment of the premium because Austin was not the .broker who negotiated the policy. 7. John Lay, having failed to pay the premium' to either the insurer or the plaintiffs, failed to pay the premium, even though he paid- it to Austin.”
The 'Court made the following Finding and dealt with the requested rulings as follows:
“The Court finds- that the defendant William Lay paid Austin the full .amount of the premium sued for in .this action; that later, in June or July, 1941, after the plaintiffs had made demand upon the defendant to pay the premium over again to the- plaintiffs on the ground that Austin, although paid by the defendant, had not acted as their agent in connection with the policy, the defendant Austin and Hurley, one of the plaintiff’s partners-, had a meeting at the plaintiff’s office to settle the matter. The defendant had- with him his check showing payment to Austin and the notice of prospective cancellation by the Registry of Motor Vehicles, for non-payment of the- premium. After some discussion Austin and the plaintiff Hurley left the defendant and went into an adjacent office. Later they came out and- the plaintiff Hurley then said to the defendant, in Austin’s presence: ‘All right, Bill, you can tear up the notice of cancellation and you won’t hear from this again.’ I find that this constituted a ratification by the plaintiffs of the prior payment of the premium by the defendant to Austin and is a bar to recovery -by the plaintiffs in this action. The plaintiffs’ Requests for Rulings which are material and which conform to the foregoing findings of fact and disposition of the Plaintiffs’ 6th and 7th Requests for Rulings are granted, and are denied insofar as they are contrary to and at variance with them. Hooper v. Cuneo, 227 Mass. 37.”
The plaintiffs requested a report, claiming to be aggrieved “by the rulings and refusals .to rule as requested.”
An insurance broker may be agent for either the insurer or insured but primarily he is agent for the insured. Ritson v. Atlas Assurance Company, 279 Mass. 385.
*32 By statute however the broker is agent for the company for the purpose of receiving any premium in “negotiating, continuing or renewing any policy of insurance or any annuity or pure endowment contract” regardtess of any provision which may be inserted in the policy. G. L. (Ter. Ed.) Chap. 175, section 169.
The payment made to Austin, the broker, was under this provision of the statute payment of 'the premiums on the policies', he being the duly licensed insurance broker who negotiated their issuance Ritson v. Atlas Assurance Company supra.
The payment in this case was made to the broker by the insured. On page 392, the court quoting from Michelson v. Franklin Fire Insurance Company of Philadelphia, 252 Mass. 336, at page 339 said:
“Being a broker, he was by G. L. Ch. 175, sec. 169 agent of the defendant for the purpose of receiving the premiums on the policies. He therefore occupied •a dual relation, owing a duty to both parties.”
The Court then spoke as follows*
“However the language is not ambiguous or of doubtful meaning. It seems plain that by its true interpretation it makes the payment of a premium to a broker payment to the company ... It creates an exception to 'the general rule that a broker is the agent of the assured and not of the insurer.”
Although the facts in Morton Furniture Company v. Dubuque Fire and Marine Insurance Company, 287 Mass. 170 were different from those in the instant case, the decision is authority for holding that payment had been made by the said John Lay of the premiums due to Austin, the broker, and that the plaintiffs could not recover the amount thereof from the defendant in this action. The opinion of the Trial 'Court seems- to be based entirely upon the doctrine of ratification. It is difficult to- understand just what action this Court took with reference to the requests. *33 Whether the Trial Court was right in basing the decision upon ratification and whether the Court actually treated the requests are required by law, we find unnecessary to determine. The finding for the defendant was supported by the evidence and by law. No prejudicial error appears.