COMMONWEALTH vs. JASON A. GORDON.

Hampshire.    March 7, 1960. — April 29, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, &
CUTTER, JJ.

Larceny.   Practice, Criminal, Requests, rulings and instructions;   Venue.

In view of the warranted findings which a judge hearing a criminal case
without jury presumably made in concluding that the defendant was
guilty on the theory of the case contended by the Commonwealth, no
error was shown in the disposition of requests for rulings by the de-
fendant given by the judge with the notation that they were inappli-
cable to the facts found.   [756]

A conviction for larceny by a false pretence was warranted under G. L.
c. 266, § 30, by evidence supporting findings that the defendant, in
ordering certain food of a food dealer, falsely made an oral statement
to the dealer, with intent that the dealer should rely on it, that the de-
fendant was secretary to a retired banker having a lodge in Maine,
that the dealer, in reliance on the statement, shipped the food to the
defendant, and that the defendant received the food and never paid
for it;   the false pretence shown by the evidence could be found not to
have related to the defendant's means or ability to pay within § 35.
[757]

The venue of a criminal proceeding for larceny of goods by a false pre-
tence was properly laid in a county where the goods were delivered
by their owner to a common carrier for shipment to the defendant in
another county as a result of the false pretence.   [757]

COMPLAINT received and sworn to in the District Court
of Hampshire on August 20, 1958.

Upon appeal to the Superior Court the case was heard by
Bolster, J., without jury.

John J. Dondero, for the defendant.

Sanford Keedy, District Attorney, & Oscar Grife, Assistant
District Attorney, for the Commonwealth, submitted a brief.

WILLIAMS, J.   The defendant was found guilty by a judge
of the Superior Court on a complaint which charged that on
June 17, 1958, at Northampton he "did steal two crates of
food consisting of 48 jars of breast of chicken and 48 jars of
boned chicken of the value of more than $100 of the property
of M. R. Van Benschoten, of Plainfield."

The defendant presented a motion to dismiss the complaint for lack of venue of the alleged offence in the county of Hampshire. His exceptions are to the denial of this motion, the denial of a motion for a directed "verdict of 'not guilty,'" the refusal of requests for rulings, and rulings upon evidence.

There was evidence that one Van Benschoten whose property was alleged to have been stolen was engaged in the business of selling boned chicken packed in glass jars. On May 18 or 19, 1958, his employee, Marguerite Beaudoin, received a telephone call from a person who said, as she understood, that he was secretary to J. A. Jordan, that his "boss" had a lodge in Maine, and that his address was 9 Longhill Street, Haverhill, Massachusetts. She left a memorandum for Van Benschoten listing an order for boned chicken to be sent to J. A. Jordan, 9 Longhill Street, Haverhill, and Van Benschoten sent a price list to that address. He received three telephone calls, in the latter part of May, in June, and at a later date. The voice on all occasions was the same. On the first call the voice said, "This is the secretary to Mr. J. A. Gordon, a retired banker, who has a lodge in Maine." On the following calls the person said the "same thing." He said he had received the price list and it had been mailed to the wrong name and address. It should have been sent to J. A. Gordon, 9 Longview Street. He confirmed the order given to Mrs. Beaudoin. Van Benschoten shipped the goods on June 4 from Springfield by Railway Express Agency, Inc., prepaid. His bill was made out May 29 and was sent before the goods were shipped. On June 12 he received a call stating that Mr. Gordon was very much pleased with the products and wished a new price list as Mr. Gordon would like to give another order. Van Benschoten said the first order had not been paid for and was told Mr. Gordon paid his bills on the twentieth of the month and that he would receive a check then. A second shipment was sent prepaid on June 17 by Railway Express Agency, Inc., from Northampton. Subsequently Van Benschoten tried to make a person to person call to the address in Haver-

hill but was unsuccessful. He has never been paid for the chicken. He was influenced in shipping the chicken by the statement of the person that he was the secretary to a retired banker having a lodge in Maine and he felt that he was dealing with a bona fide customer. The only other thing that influenced him in making the second shipment (which was the subject of the complaint) was the statement that payment would be made on the twentieth of the month.

When questioned by the police on August 21, the defendant said that his correct name was Jason A. Gordon and that in 1949 it had been changed from Jason A. Goredetski. He had called Van Benschoten several times and was the person who ordered the chicken. He said that he was unemployed but recently had run a restaurant for a friend for two weeks.

Requests for rulings presented by the defendant at the conclusion of the evidence were granted, some of them with notations by the judge that they were inapplicable to the facts found. In view of the findings, which were warranted by the evidence, and which presumably were made by the judge in arriving at his conclusion of the defendant's guilt, none of the rulings deemed inapplicable can be said to have been required as matter of law. There was no error in the disposal of the requests. *Hooper* v. *Cuneo,* 227 Mass. 37, 40. *Commonwealth* v. *Hull,* 296 Mass. 327, 336–337. See *Liberatore* v. *Framingham,* 315 Mass. 538, 544.

The case was tried on the theory that the acts of the defendant constituted a larceny by false pretences as to the identity of the person who was purchasing the chicken from Van Benschoten. G. L. c. 266, § 30.[1] The Commonwealth did not contend that the defendant could be found guilty if he purchased the goods by means of a false pretence relative to his means or ability to pay. See § 35.[2]

---

[1] General Laws c. 266, § 30, provides in part that "Whoever . . . with intent to defraud obtains by a false pretence . . . the property of another . . . shall be guilty of larceny."

[2] General Laws c. 266, § 35, provides in part that "Section . . . thirty . . . shall not apply to a purchase of property by means of a false pretence relative to the purchaser's means or ability to pay, if, by the terms of the purchase, payment therefor is not to be made upon or before the delivery of the property purchased, unless such pretence is made in writing and is signed by the person to be charged."

The evidence was sufficient to warrant a finding that the defendant falsely stated with intent that the owner of the goods should rely upon it that he was secretary to a retired banker who had a lodge in Maine; that the owner of the goods, Van Benschoten, relied upon the statement and delivered them to a common carrier in Northampton for shipment to the defendant at Haverhill; and that the defendant received the goods. It could be found that there was a larceny of the goods by a false pretense, not of the defendant's means and ability to pay but of facts indicating the solvency of a certain fictitious person with whom Van Benschoten was led to believe he was dealing. *Commonwealth* v. *Jeffries*, 7 Allen, 548, 564–565. *Commonwealth* v. *Quinn*, 222 Mass. 504, 513–514. *Commonwealth* v. *Levine*, 280 Mass. 83, 94–95. The defendant was not entitled to a finding that as matter of law he was not guilty.

None of the defendant's exceptions to the admission of evidence can be sustained. They related to statements made over the telephone to Van Benschoten by an unknown person who later was admitted by the defendant to have been he; and to the reliance of Van Benschoten on the representations of the defendant.

The preliminary motion of the defendant to dismiss the complaint was rightly denied. There was evidence that Railway Express Agency, Inc., was a common carrier and delivery of the goods to it in Northampton vested the defendant constructively with their possession in Hampshire County. *Putnam* v. *Tillotson*, 13 Met. 517, 520. *Merchant* v. *Chapman*, 4 Allen, 362, 364. *Commonwealth* v. *Sullivan*, 104 Mass. 552, 553–554. The Superior Court had venue of the case in that county.

*Exceptions overruled.*