## ROLAND W. BOYDEN *vs.* JOHN B. HILL.

### Essex.    November 7, 1907. — May 20, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Contract*, Construction, Validity, Performance and breach. *Mistake. Equity Juris-diction. Agency. Waiver. Evidence,* Extrinsic affecting writings. *Practice, Civil,* Parties. *Damages.*

An agreement in writing under seal by a landowner to sell to a certain individual a certain tract of land for a price named, the option to be good until a date named, with a declaration that the option is given merely to enable the person to whom it is given to offer the land to a certain corporation and that the option shall be void unless that corporation shall decide to build a plant in the city in which the land is situated, is a contingent contract of sale between principals and not merely an instrument making the individual to whom the option is given the agent of the landowner to sell the land to the corporation.

If a person has agreed in writing to sell a certain tract of land to another person at a price named if paid by a certain date, forgetting the fact that half of the tract of land belongs to his wife, and if the person who took the agreement accepted the statement of the landowner that he owned the whole of the tract, this is not such a mutual mistake of fact as will enable the landowner either at law or in equity to escape the obligation of the terms of his contract.

A person who has agreed to convey certain land forgetting that only half of it belongs to him and that the other half has been conveyed to his wife, when sued for a breach of the contract in conveying only his own half of the land, cannot rely in defense upon his good faith in regard to his misapprehension or forgetfulness, and evidence of his mental and bodily condition and the impairment of his memory before and at the time he signed the agreement, which is offered, not to show unsoundness of mind or that fraud was practised upon him, but only as bearing upon the question of his mistake and good faith in forgetting the transfer to his wife, should be excluded as immaterial.

Mere mental or physical weakness not amounting to incompetence to act, where it does not appear that advantage has been taken of the infirmity, is not a sufficient ground for avoiding a contract.

An agreement in writing to sell and convey a certain tract of land for a price named, the option to be good until a date named and to be void unless a certain corporation shall decide to build a plant in the city where the land is situated, is accepted by a tender of the purchase price named in the agreement after the decision of the corporation to build the plant and before the expiration of the time limited.

In an action on an agreement in writing under seal to sell and convey to the plaintiff a certain tract of land for $3,800, the option to be good until a date named, with a statement in the agreement that the option was given to enable the plaintiff to offer the land to a certain corporation and was to be void unless that corporation should decide to build a plant in the city in which the land was situated, it appeared that the defendant at the time he signed the contract had forgotten that only half of the tract of land belonged to him, the other half having been conveyed to his wife, so that he was unable to perform the contract in accordance with its terms. There was evidence on which it could have been found that the plaintiff was interested deeply in having the plant of the corpo-

ration established in that city, and in all that he did in the transaction was actuated solely by public spirit and not by any hope of private reward, that the acquisition of the whole of the tract of land described in the option was essential to the success of the project for which the plaintiff was striving, that he disclaimed to the defendant orally and in writing any intention of gaining profit, and that, when he learned of the defect in the defendant's title and his consequent inability to convey the whole of the land, he made no demand for damages, but sent to the defendant an option for the purchase of the other half of the land to be signed by the defendant's wife with the request that the defendant should procure her signature, that, having offered the whole tract of land to the corporation, he prepared a deed for the defendant to execute of his half of the land and accepted the conveyance from him, paying him $1,900, one half of the price named in the original option, that he accepted from the defendant's wife an option to sell her half of the land for $2,600 and took from her a deed in pursuance of this option, paying her that amount for it, and that it was not until two days later that he notified the defendant that he should hold him liable for his breach of contract in failing to convey the whole of the land. The defendant knew from the first that the acquisition of the whole of the tract of land was essential to the project. The defendant contended that the plaintiff had waived his claim for damages under the agreement of option sued upon. The judge ruled that, if the jury found that the plaintiff had made a tender to the defendant of $3,800, he was entitled to recover $700 damages. *Held*, that the ruling was wrong; that, although the burden of proving a waiver was upon the defendant, and although it is not necessarily a waiver to take all that one can get under a contract by way of part performance, yet, with the inferences which the jury could draw from all the circumstances shown, there was evidence for the jury that the original contract in writing had been modified, and that the plaintiff had accepted as a substituted performance the two conveyances at the prices paid by him. *Held, also*, that, if the jury in a new trial should find that there was no waiver and it became necessary to consider the rule of damages, it could be found that the proximate and probable consequence of the defendant's breach of contract was the purchase of the other half of the land from its owner at the advanced price, and that in that case the difference in price would be the measure of damages.

An action at law on a contract under seal must be brought by a party to the contract. A person who becomes a party to a contract under seal, acting not for himself but wholly for the benefit of another, to whom his relation becomes fiduciary by the subsequent acceptance of his act, in suing in his own name for a breach of the contract, may recover for the benefit of his beneficiary the amount of damages which such beneficiary could have recovered if he had been the contracting party, but the plaintiff must show that he brings the action by the authority and for the benefit of the beneficiary.

CONTRACT for the alleged breach of an agreement in writing under seal to sell to the plaintiff a certain parcel of land in Beverly for $3,800. Writ in the First District Court of Essex dated January 17, 1903.

On appeal to the Superior Court the case was tried before *Wait*, J. The contract sued upon was as follows:

"In consideration of one dollar and other valuable considerations to us paid by Roland W. Boyden of Beverly, we, John B.

Hill and Sally Hill of Beverly, hereby agree to sell to him a certain parcel of land containing about six and one-half (6½) acres, situated upon the south side of Balch Street in said Beverly and lying between land of Lufkin and land of Bell. The consideration to be paid for said purchase is thirty-eight hundred (3800) dollars, and this option is to be good until October 1, 1902. It is understood that the premises are rented to Pierce Bell for the present season, and that he is to be allowed to continue in possession and to remove his crops for this season.

"This option is given merely to enable said Boyden to offer said land to the United Shoe Machinery Company or its representatives, and is to be void unless said Company shall decide to build a plant in Beverly.

"Witness our hands and seals this 7th day of April, 1902.

> "John B. Hill (seal.)
> Sally B. Hill. By John B. Hill. (seal)"

Another option given later by the defendant's wife, as explained in the opinion, was as follows:

"In consideration of one dollar and other valuable considerations to me paid by Roland W. Boyden of Beverly, I, Caroline E. Hill, wife of John B. Hill of Beverly, hereby agree to sell to him my right, title and interest in and to a certain parcel of land containing about six and one-half (6½) acres, situated upon the south side of Balch St. in said Beverly and lying between land of Lufkin and land of Bell. The consideration to be paid for said purchase is Twenty-six hundred dollars and this option is to be good until November 1, 1902. It is understood that the premises are rented to Pierce Bell for the present season, and that he is to be allowed to continue in possession and to remove his crops for this season.

"This option is given merely to enable said Boyden to offer said land to the United Shoe Machinery Company or its representatives, and is to be void unless said Company shall decide to build a plant in Beverly.

"Witness my hand and seal this twenty-fifth day of October 1902

> "Caroline E. Hill. (seal.)
> John B. Hill."

The facts shown by the evidence or which could have been found upon it are stated in the opinion. At the close of the evidence the defendant asked the judge to make the following rulings:

1. That the plaintiff is not entitled to recover in this action under the contract.

2. That upon all the evidence, the plaintiff is not entitled to recover in this action against the defendant.

3. That under the contract, the plaintiff was constituted the agent of the defendant to offer said land to the United Shoe Machinery Company or its representatives under the option to purchase, and had no personal interest in the option which entitled him to purchase the land for himself at the price named, and he cannot prevail in this action.

4. That under the option, the plaintiff was the agent of the defendant, and the defendant had a right at any time to withdraw the authority of the plaintiff to offer the land to the United Shoe Machinery Company before the plaintiff had made such offer and became bound thereby.

5. That to enable the plaintiff to maintain this action, he must show: that he had offered the land to the United Shoe Machinery Company or its representatives, and that said offer had been accepted by said United Shoe Machinery Company or its representatives previous to the time he was notified of the mistake as to the ownership of the land by the defendant; and further, he must show that the United Shoe Machinery Company or its representatives had held him to his agreement, and that he was legally liable thereunder; and the special damage he had suffered thereby.

6. That if the plaintiff offered the land to the United Shoe Machinery Company or its representatives after he was notified by the defendant that he had made a mistake, and could not convey the land, the plaintiff made such offer in his own wrong, and cannot recover of the defendant.

7. That the plaintiff having accepted under the option a conveyance of the land which the defendant owned and could convey with full knowledge of all the facts under all the circumstances of the case, his acts should be construed as an abandonment and waiver of any further right under the contract, and he cannot now recover damages in this action.

8. The plaintiff having accepted a new option signed by the defendant and his wife covering the land which the defendant could not convey under the first option, and later receiving a deed therefor from the defendant and his wife, it was an abandonment and waiver of any right which he had under the first option against the defendant and the plaintiff is now estopped from claiming damages under the first option.

9. If the jury find that a mistake was made by the defendant through impaired memory by reason of his mental and physical condition at the time of signing the option as to his ownership in the land, and that the defendant thereby signed the option under a misapprehension of facts and as soon as he discovered his mistake, he notified the plaintiff and the plaintiff had not at that time made a binding agreement with the United Shoe Machinery Company, or its representatives which they could enforce against the plaintiff, then the plaintiff is not entitled to recover in this action.

10. If the jury find that the plaintiff was acting as the agent of the United Shoe Machinery Company in procuring the option, the plaintiff cannot recover and the verdict must be for the defendant.

11. The defendant having given and the plaintiff having accepted a conveyance of a part of the land which the defendant could convey under the option, such acts may be construed by the jury as evidence of a change of the terms of the option by parol and if the jury find that there was such a change by the parties of the terms of the written contract, the plaintiff cannot recover.

12. If the plaintiff is entitled to recover in this action, he can recover only such sum of money as he shows he has paid or is liable to pay to the United Shoe Machinery Company by reason of a breach of contract made with such company under the option given by the defendant.

13. The measure of damages in this case is such special damage or loss as the plaintiff can show to the jury that he himself has suffered by having acted under the option given by Mr. Hill.

14. The difference between the sum at which Mr. Hill conveyed to the plaintiff the land which he could convey and the

sum paid to Mrs. Hill for her land is not the measure of damages in this case.

15. If the jury find that the plaintiff agreed with Mrs. Hill to offer to the United Shoe Machinery Company the land at cost to him, and the sum was fixed at $2,600 by agreement with Mrs. Hill, the plaintiff had no right to offer it at a less sum so as now to make any claim in damages against the defendant's intestate.

The judge refused to make any of these rulings, and ruled that the only question of fact for the jury was whether a due and legal tender was made. He instructed the jury that, in case they found there was a tender of $3,800 they must assess damages in the sum of $700, with interest from the date of the writ. The jury found for the plaintiff and assessed damages in accordance with this instruction.

The defendant alleged exceptions to the refusal of the rulings requested, to the instruction given as to the measure of damages and to the exclusion of certain evidence which is described in the opinion.

*J. M. Raymond*, for the defendant.

*A. Boyden*, for the plaintiff.

RUGG, J. This is an action to recover damages for breach of a contract in writing for the sale of land. The agreement for conveyance was under seal, and stated that the owner agreed "to sell to" the plaintiff a certain tract of land for $3,800 and continued: "this option is to be good until October 1, 1902. . . . This option is given merely to enable said Boyden to offer said land to the United Shoe Machinery Company or its representatives, and to be void unless said company shall decide to build a plant in Beverly." The agreement was signed by John B. Hill for himself and as attorney for his sister, Sally B. Hill. Since the bringing of this action, John B. Hill has deceased, and his administrator has continued the defense. In this opinion Sally B. Hill and the estate of John B. Hill will be referred to as the defendant. It turned out that the defendant owned only one undivided half of the land, the other half being owned by his wife; and that at the time the option was given, the defendant had forgotten the conveyances, by which one half of the property was transferred to his wife, and the plaintiff knew nothing as to the state of the title, assuming that the land was

owned by the defendant as represented by him. In 1902 the plaintiff with others was deeply interested to induce the United Shoe Machinery Company to locate its plant in Beverly and build its shops there. The plaintiff with others obtained options on several tracts of land, which together constituted about three hundred acres, in order to offer the whole to this company. The land of the defendant was so located as to be an essential feature of the scheme, and, unless it was included in the larger lot, it would be impossible to offer to the machinery industry a tract suitable for its uses. The plaintiff thereupon saw Mr. Hill, stating to him his purpose, and that he preferred to get options upon the land, but that if necessary he was willing to buy the land outright, and that it was not a money making scheme and that he did not expect or intend to receive any personal benefit from any option given by the defendant.

The first question raised is whether the instrument signed by the defendant was a contract of agency with the plaintiff or one in which the parties dealt with each other as principals. It is plainly of the latter class. It is not an authority to the plaintiff to sell as agent for the defendant, but a direct agreement on the part of the defendant to sell the property to the plaintiff for a specified price within a time stipulated. The right created is described by the instrument itself as an option, which is given directly to the plaintiff, and the rights under it are limited to the express purpose of a sale to the United Shoe Machinery Company.

The defendant next contends that he is excused from performance of the contract on the ground of mutual mistake. The only mistake, however, was on the part of the defendant, who was under a misapprehension as to the extent of his title; but this mistake was wholly his own, and not one of which the plaintiff was cognizant, or to which he had in any degree contributed. There was no mistake either as to the identity or existence of the subject matter of the contract. There was no mistake on the part of the plaintiff. He was simply misled by the representation of the defendant as to the character and extent of his title. Under these circumstances the defendant is entitled to no relief, either at law or in equity. Having made a contract explicit in its terms, as to which he has been in no wise

deceived or misled by the active or passive representations or conduct of the plaintiff, he must abide by its terms. *Hecht* v. *Batcheller*, 147 Mass. 335. *Roche* v. *Smith*, 176 Mass. 595. *Wilcox* v. *Lucas*, 121 Mass. 21. *Comstock* v. *Son*, 154 Mass. 389. The good faith of the defendant in respect of his own misapprehension or forgetfulness is no defense. *Atwood* v. *Walker*, 179 Mass. 514. Evidence of the defendant's mental and bodily condition and his impairment of memory before and at the time of signing the option was properly excluded. It was not offered to show unsoundness of mind or that fraud had been practised upon him, but only as bearing upon the question of the defendant's mistake and good faith in forgetting the transfer to his wife. Mere mental or physical weakness not amounting to incompetency to act is not sufficient to avoid a contract in the absence of advantage taken of these infirmities. *Farnham* v. *Brook*, 9 Pick. 212, 220. *O'Brien* v. *Boland*, 166 Mass. 481.

Another argument urged in defense is that there was no acceptance of the option on the part of the plaintiff at any time before it expired. This contention is not sound. It is doubtful whether the defendant saved his rights as to this question, but assuming in his favor that he did, it is clear that it cannot be sustained. By a letter under date of September 15, 1902, which was two weeks before the expiration of the option, the information was conveyed to the defendant that the Shoe Machinery Company had decided to locate in Beverly, and that the plaintiff desired to exercise his right of purchase, and was ready to take and pay for the property as soon as the deed of conveyance should be prepared. There also was evidence tending to show that a tender was made of the purchase price named in the agreement, and under instructions, not excepted to, the jury found that there was such tender. Proffer of performance is an acceptance of the terms of a contract of sale.

A further contention of the defendant is that, taking into account all the correspondence, the conference between the parties subsequent to a notification to the plaintiff of the defendant's inability to convey a perfect title to the entire tract, and all the other circumstances, the jury might find that the first option had been waived, and another agreement substituted for it. A waiver may be manifested either by words or acts, but all the

attendant facts taken together must amount to an intentional relinquishment of a known right, in order that a waiver may exist. It is not contended that there was an express waiver, and the circumstances, from which, it is urged, that the jury might have found a relinquishment by the plaintiff of his rights under the option are that he was deeply interested in the location of the works of the United Shoe Machinery Company in Beverly, and was actuated solely by public spirit and not by hope of private reward in all that he did; that the land described in the plaintiff's option was absolutely essential to the success of the project, for which he was laboring, and that, having expressly disclaimed in his conferences and also in a letter to the defendant any intention of gaining profit, when he learned of the defect in the defendant's title and his consequent inability to convey a good title, he did not act as if he desired money damages, but only a good title to the land; that he sent to the defendant an option to be signed by his wife, the other owner of the land, with the request that he procure her signature; that, having already made the proffer of the tract of land to the Shoe Machinery Company, he prepared the deed for the defendant to sign of his interest only in the land, and accepted the conveyance from him, paying therefor one half the consideration named in the original option, and that he accepted at the hand of the defendant the option from his wife to sell her interest for $2,600, and took a deed from her, paying that sum for it, and that it was not until two days after the deed from the wife was procured that any suggestion was made, either by speech or letter, to the defendant that he would be held responsible in damages. The defendant, according to the testimony of the plaintiff, knew from the very first that the tract of land in question was absolutely essential to the success of the project, and he might infer that, in comparison with the magnitude of the enterprise, an additional expense of a few hundred dollars was probably insignificant. He was therefore in position, if he chose, to compel, by influencing his wife, an adjustment of whatever claim might exist against himself provided he had any suspicion that such a claim would be made. To take all that one can get by way of part performance of a contract is not necessarily a waiver (*Garfield & Proctor Coal Co.* v. *Fitchburg Railroad,* 166 Mass.

119), and, although the burden of proving waiver was upon the defendant in this case, he being the party who asserted it, nevertheless there was sufficient evidence from all the circumstances narrated, giving them the color most favorable to that end as a jury would have a right to do, to sustain a verdict that there was a relinquishment by the plaintiff of his rights under the first option and an acceptance of substitute conveyances for the one to which he was entitled under the first arrangement.

As in a new trial the jury may find that there was no waiver, it is necessary to consider the rule of damages. There are two ways of looking at the question of damages. The first commonly prevails in breach of contract to convey, where the rule is the difference between the price named in the contract and the fair market value at the time when, by the terms of the contract, the conveyance is to be made. *Brigham* v. *Evans*, 113 Mass. 538. *Roche* v. *Smith*, 176 Mass. 595. This is ordinarily for the jury to decide under appropriate instructions. In another aspect, the damages may be viewed as limited by the special terms of the contract. *Western Railroad* v. *Babcock*, 6 Met. 346. *Bell* v. *Boston*, 101 Mass. 506. A situation may arise, by the terms of the contract and relation of the parties, akin to that upon an action for breach of a covenant against incumbrances, where the injured party may recover whatever sum of money he has fairly expended to extinguish the incumbrance. *Bailey* v. *Agawam National Bank*, 190 Mass. 20. *Richmond* v. *Ames*, 164 Mass. 467. Both these instances are specific applications of the more comprehensive rule that the party injured by a breach of contract is entitled to be compensated for the loss sustained as the natural and probable consequences arising from the failure to perform the contract by the other party. In the present case there was evidence that the defendant at first refused to fix any price upon the property, and finally did so after persuasive arguments by conversation and letter on the part of the plaintiff, that the land was essential to the location of the industrial project in Beverly, and this was described as a great advantage to the municipality of which the defendant had for many years been a public spirited citizen, and that the plaintiff was prompted to his activity solely by considerations of public advantage without expectation of profit to himself. There was

inserted in the contract the clause that the option was given merely to enable the plaintiff to offer the land to the United Shoe Machinery Company or its representatives, and was to be void unless the company should build a plant in Beverly. The only use the plaintiff could make of the land under his contract was to sell it to that single possible purchaser. He could make no profit out of the transaction. His contract did not contemplate a free market, nor an unrestricted opportunity for sale. Inasmuch as neither the plaintiff nor the United Shoe Machinery Company could exercise the right of eminent domain, it would not be an unreasonable inference that the parties contracted with reference to the acquirement of the land in question by purchase, as the natural consequence of the failure on the part of the defendant to convey it. If they had thought out and put in phrase the measure of damages for a breach of their contract they would have said that the proximate and probable consequence of such breach of contract might be the purchase of the property from the real owner.

This is an unusual application of the rule of damages, and can rarely arise. But this case presents uncommon features. The contract on its face was made not for the benefit of the plaintiff, but manifestly its advantages were to enure to the United Shoe Machinery Company in the event that it decided to locate in Beverly. The plaintiff alone can maintain an action at law on the contract, for it is under seal. *Congress Construction Co.* v. *Worcester Brewing Co.* 182 Mass. 355. See *New England Dredging Co.* v. *Rockport Granite Co.* 149 Mass. 381, 383. If the plaintiff entered into a contract with the United Shoe Machinery Company for the sale of the land in reliance upon the option given by the defendant and thereby became liable to the company for the breach arising from the defective title of the defendant, then he is entitled to be made whole for all loss he has suffered or for which he has become liable. *Wall* v. *Platt,* 169 Mass. 398, 406. *Leavitt* v. *Fiberloid Company,* 196 Mass. 440. If on the other hand he simply gave the benefit of his contract with the defendant to the company, he stood in the relation of trustee to it. There was no express declaration of trust, but the relation of the parties became in a sense fiduciary. Where it is found as a fact that the performance of a contract is in-

tended wholly for the benefit of a third person, under some circumstances this may be equivalent to a declaration of trust. It is of no consequence that the plaintiff personally may have suffered no loss. He made the contract with the defendant upon the express stipulation that it should be operative only in the event that the United Shoe Machinery Company should elect to take advantage of its terms. Hence, when that election is made, if he has not changed his relation by contract, he becomes trustee for the beneficiary and can recover, in his own name, but for the benefit of the *cestui que trust*, the same amount in damages that the latter could have recovered, if it had been the contracting party. *Gould* v. *Emerson*, 99 Mass. 154. *Bailey* v. *New England Ins. Co.* 114 Mass. 177. *Campbell* v. *New England Ins. Co.* 98 Mass. 381, 400. *Nims* v. *Ford*, 159 Mass. 575. *Lloyd's* v. *Harper*, 16 Ch. D. 290, 321. *In re Flavell*, 25 Ch. D. 89. *Robertson* v. *Wait*, 8 Exch. 299. *Lamb* v. *Vice*, 6 M. & W. 467. The amount of damages is ordinarily a fact to be determined by the jury. In order to reach an intelligent conclusion, they must know enough of the relations between the plaintiff and the United Shoe Machinery Company, to determine whether they were in fact fiduciary or contractual, although the damages might be the same in either event. It follows from what has been said that if the relation is found to be fiduciary, it must appear that this action was brought by the authority and for the benefit of the United Shoe Machinery Company. No question of pleading is raised.

*Exceptions sustained.*