CARL H. THRESHER & another *vs.* FREDERICK SIMPSON.

Suffolk.    January 18, 1916. — March 4, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Landlord and Tenant.    Damages,* In recoupment.    *Corporation.*

In an action upon a covenant in a lease for the rent of a store, the defendant sought to recoup damages for the breach by the plaintiff, the lessor, whose place of business was near by on the same street, of a covenant in the lease by which he agreed not to sell neckties or underwear during the term of the lease. It appeared that the leased store was not used by the defendant personally but was used by a corporation, of which the defendant was manager, to which he had transferred all his business and of which he held all the capital stock except two or three shares, and that the relation of the lessee to the corporation was known to the lessor when the lease was made. *Held,* that the defendant could recover in recoupment only nominal damages, as the loss from the plaintiff's breach of the covenant not to sell neckties and underwear had been suffered by the corporation and not by the defendant; that the corporation, which was not a party to the lease, had no rights under the covenant, and that the defendant, with whom the covenant was made, could not claim damages suffered by him as the manager and principal stockholder of the corporation, such indirect consequential loss as he thus had sustained not being as matter of law within the contemplation of the parties to the covenant nor following a breach of the covenant as a natural consequence.

CARROLL, J.    June 5, 1906, the plaintiffs leased to the defendant part of the premises numbered 44–46 Temple Place, Boston, for the term of eight years beginning June 1, 1906. The lease con-

---

* Entered by order of *Wait,* J., affirming the decision of the Industrial Accident Board.

tained the clause: "The lessors shall not engage in the business of selling . . . neckties, underwear, . . . or sublet to anybody else who will engage in the sale of the above mentioned articles or goods, . . . during said term and for one year thereafter." The plaintiffs' place of business was 35 Temple Place. In March or April, 1906, the defendant formed the Simpson Company, a corporation, to which he transferred his business and in which he held all the capital stock, except two or three shares. Said corporation carried on the business thereafter upon the leased premises, until the date of the plaintiffs' writ, the defendant acting as the manager for the corporation. This is an action for rent due under the lease, the defendant seeking to recoup for damages caused by the plaintiffs' violation of the terms of the lease in selling neckties and underwear.

The defendant excepted to the ruling of the judge,* that the defendant was not entitled to recoup against the plaintiffs. The judge found for the plaintiffs in the sum of $1,704.28, "being the amount of the plaintiffs' claim, less one dollar allowed the defendant under his answer in recoupment as nominal damages." The lease was under seal. The Simpson Company, a corporation, was not a party thereto. It could not at law, therefore, maintain an action thereon, and could not recoup in damages against the plaintiffs. *Boyden* v. *Hill*, 198 Mass. 477, 487. *McCarthy* v. *Henderson*, 138 Mass. 310.

The defendant was the manager of the corporation at the date of the lease and at the date of the writ. He did not individually carry on the business, and was not as such engaged in the business of selling the articles which the plaintiffs agreed not to sell. The business for which the defendant was manager was owned and carried on by a corporation, — something separate and distinct from the defendant. The plaintiffs made no contract with the Simpson Company and were under no obligation to refrain from competing with it.

The defendant argues that he is entitled to damages because the loss to the corporation, of business by the competition of the plaintiffs, was a loss to him, he being in effect the sole owner of the corporation. The damages which the defendant sustained in

* *Ratigan*, J.

a collateral undertaking, as a stockholder in a corporation, by reason of the plaintiffs' competition, in violating the covenants of the lease by the sale of the specific articles, were not as matter of law such damages as were contemplated by the parties to the lease, nor considered to be a result of its breach, neither do they follow as a natural consequence therefrom. As stated by Rugg, C. J., in *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 380, "Such loss may be recovered when it appears to have been within the contemplation of the parties as a probable result of breach of the contract, to be its natural, primary and probable consequence, and to be susceptible of proof by evidence reasonably certain, and not resting chiefly on speculation, conjecture or surmise." Applying this standard, it seems clear that the defendant cannot recover from the plaintiffs, damages which he suffered as manager and stockholder of the corporation.*

*Kelly* v. *Greany*, 216 Mass. 296, relied on by the defendant, was an action for breach of a covenant against incumbrances. The incumbrance was a tax, duly assessed on the premises conveyed, which the plaintiff, the grantee in the deed from the defendant, paid, after he had conveyed the land to the present owners, for whom he was acting as a conveyancer. It was held. he could recover. *Boyden* v. *Hill, supra,* decided that where the contract with the defendant was upon the express stipulation that it should be enforceable only upon a certain corporation electing to take advantage of it, when that election was made, if the plaintiff's

---

* The defendant offered to prove that at the time of the making of this lease the business was being carried on by Simpson Company, the corporation; that at the time the lease was made the plaintiffs knew that the business was being carried on by the corporation and that the defendant was going to carry on the business as a corporation, that by reason of the damage resulting from the breach of the covenant by the plaintiffs the corporation lost money to such an extent that the defendant personally was required to put into the corporation a large sum of money and that as manager and as principal stockholder of the corporation the defendant lost money which might have accrued to him as salary and in dividends as a stockholder of the corporation.

Upon the testimony and the offer of proof, the presiding judge ruled as a matter of law, that the defendant was not entitled to recoup against the plaintiffs; to which ruling the defendant excepted. Thereafter the judge allowed the defendant under his answer in recoupment $1 as nominal damages.

relation had not been changed by contract, he became the trustee and could recover for the benefit of the corporation, such damages as the corporation could itself have recovered if it was a party to the contract. These cases do not sustain the contention of the defendant, that, in the case at bar, the lessee, when sued for rent, can recover damages for the benefit of a corporation of which he is the manager, and a large stockholder, which corporation is a stranger to the deed and could not itself recover from the plaintiffs.

*Exceptions overruled.*

*E. V. Grabill,* for the defendant.

*F. C. Allen,* (*R. E. Smith* with him,) for the plaintiffs.