SUBURBAN LAND COMPANY, INC. *vs.* ROGER W. BROWN.

Middlesex.     November 10, 1920. — January 5, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Waiver. Contract*, Performance and breach.

Waiver is an intentional relinquishment of a known right.

An arbitrator, to whom controversies relating to the performance of certain contracts for the building of cottages and camps for a corporation had been referred by agreement of the corporation and the contractor, found that the contract was entered into on September 1 of a certain year and was for the building of one hundred and twenty-five small and twenty-five large camps to be completed by the following February 1; that the contractor seldom asked for locations and that, when he did, he was promptly furnished them by the corporation; that at no time before frost entered the ground was he hindered in his work by not having sufficient sites designated to him; that not more than seventy-four locations had been furnished to the contractor before January 1, and that frost entered the ground about December 15, making further work in laying foundations impracticable after that date. The arbitrator also found from the foregoing facts that the corporation had waived all right to hold the contractor responsible for his failure to erect more than seventy-four camps under the contract. *Held*, that

(1) The duty of pointing out sites rested upon the corporation;

(2) It could not be said as a matter of law that there was not sufficient basis for the finding of waiver.

RUGG, C. J. The controversy between these parties was submitted to an arbitrator. No question of practice has been raised

by the parties and none considered by the court. The record is imperfect as to the history of the proceeding. The case is decided as it has been presented and is not to be regarded as a precedent in procedure. The hearing in the Superior Court and the argument before us proceeded on the footing that the arbitrator intended by his award to submit certain questions of law for the determination of the court. We treat it accordingly. *Ellicott* v. *Coffin*, 106 Mass. 365. *Giles* v. *Royal Ins. Co.* 179 Mass. 261.

The case involved contracts by Roger W. Brown to build cottages and camps for the Suburban Land Company. The company had been engaged in exploiting and developing for sale to the public a tract of woodland in Billerica. Five contracts had been made with Brown for the erection of buildings or camps on the tract. The last one, dated September 1, 1916, about which the present dispute mainly centres, was for the building of one hundred twenty-five small and twenty-five large camps, to be completed by February 1, 1917. One contention by the company is that it was under no obligation to point out to Brown the locations on which the buildings were to be constructed except as he requested. Brown seldom asked for locations and when he did was promptly furnished them by the company. At no time before the frost set in was he hindered in his work by not having sufficient sites. The duty of pointing out sites rested upon the company. If it really expected the work to be completed within the time fixed by the contract, that duty must be performed seasonably in order that Brown be held to the strict letter of his obligation. *Blanchard* v. *Blackstone*, 102 Mass. 343. The fact that the locations were not given to Brown early enough to enable him to prepare the foundations before the ground froze was a circumstance to be considered with others in determining whether the company had waived its right to insist upon performance of his obligation within the time stipulated in the contract. Not more than seventy-four locations out of the total of one hundred fifty were furnished before January 1, 1917, and the frost entered the ground about December 15, so as to make further work in laying foundations impracticable after that date. It further is found that up to January 1, 1917, Brown had proceeded with his work under the contract expeditiously and to the entire satisfaction of the company. No complaint had been made as

to character or dispatch of his performance on the contract. The company had no sound reason for an assumption that Brown would not complete his contract or that the indication to him of locations would not be heeded by him and his work go forward as fast as climatic conditions permitted. The company in fact did not and could not reasonably expect Brown to complete within the time specified camps on other locations than those designated before frost entered the ground in December. The conduct of the parties concerning the prompt performance of previous contracts of a similar nature was a circumstance to be weighed in connection with others as bearing upon the intention of the parties. *W. T. Tilden Co.* v. *Densten Hair Co.* 216 Mass. 323, 328.

Waiver is an intentional relinquishment of a known right. It may be shown by words or acts and may arise out of inferences from all attendant facts as well as from more express manifestations of purpose. *Farlow* v. *Ellis,* 15 Gray, 229. *Boyden* v. *Hill,* 198 Mass. 477, 484, 485. Whether there has been a waiver, especially when it is to be implied from numerous facts, is usually a question of fact. *Fox* v. *Harding,* 7 Cush. 516, 520. *Noyes* v. *Noyes,* 224 Mass. 125, 132. It cannot be said that there was no sufficient basis for a finding of waiver. The record discloses no reversible error.

In accordance with the terms of the report and of the stipulation of the parties, the award of the arbitrator as modified by the stipulation is confirmed, and judgment on the award is ordered for Roger W. Brown in the sum of $4,417.26, and for L. Cora Brown * in the sum of $1,019.67.

*So ordered.*

*J. Brettler,* (*W. H. Wood* with him,) for the plaintiff.
*R. S. Fickett,* for the defendant.

---

\* The claim of L. Cora Brown was based on an order of Roger W. Brown accepted by the company.