ST. JOHN BROTHERS COMPANY *vs.* JACOB FALKSON.

Suffolk.     November 9, 1920. — February 28, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Evidence*, Presumptions and burden of proof. *Waiver. Sale*, Delivery and acceptance. *Bill of Lading. Practice, Civil*, Exceptions.

At the trial of an action of contract for the purchase price of goods alleged to have been sold and delivered by the plaintiff to the defendant upon the defendant's order, the defendant denied liability because the plaintiff had shipped the goods by a different carrier from that designated by the defendant in his order to the

plaintiff, and the plaintiff contended that the defendant had waived that defence. There was evidence that the plaintiff had sent to the defendant a non-negotiable bill of lading reciting receipt of the goods by the carrier to whom the plaintiff had delivered them, and that the defendant was named therein as consignee; that the merchandise never was received by the defendant; that the defendant as consignee brought an action against the carrier who received the goods for failure to deliver the merchandise, which action was still pending, and that certain letters of the defendant to the plaintiff contained no objection by the defendant that a wrong carrier was used. The question whether the defendant had waived his rights arising from the use of a carrier other than the one designated by him was left to the jury with proper instructions. The jury found for the defendant. *Held,* that

(1) The burden of proving the affirmative proposition that the defendant had waived his rights, arising from the shipment by the carrier not sanctioned by him, rested upon the plaintiff;

(2) Omission by the defendant in his letters to the plaintiff to refer to the shipment by another carrier than the one named by him did not constitute a waiver as a matter of law;

(3) The receipt and retention by the defendant of the non-negotiable bill of lading showing delivery of the goods by the plaintiff to the wrong carrier was not conclusive proof of a waiver by the defendant;

(4) The action at law by the defendant against the carrier was not an unequivocal assertion of waiver of his right to rely upon the failure of the plaintiff to perform its contract with him as to selection of the carrier;

(5) All the above facts, taken together, did not warrant a ruling as a matter of law that there was a waiver by the defendant of his defence based on the plaintiff selecting a carrier other than the one designated in the order.

CONTRACT upon an account annexed to recover $281.50, the purchase price of goods alleged to have been sold and delivered by the plaintiff to the defendant. Writ dated June 22, 1918.

In the Superior Court the case was tried before *McLaughlin,* J. The material evidence is described in the opinion. At the close of the evidence, the plaintiff moved that a verdict be ordered for the plaintiff. The judge denied this motion and submitted the case to the jury, who returned a verdict for the defendant. The plaintiff alleged exceptions.

*J. G. Brackett,* for the plaintiff.

*M. E. Bernkopf,* for the defendant.

RUGG, C. J. This is an action of contract to recover the price of merchandise alleged to have been sold and delivered by the plaintiff to the defendant. There was uncontradicted evidence tending to show that the plaintiff, a corporation doing business in the city of New York, prior to March 20, 1918, received an order from the defendant for merchandise at a stated price, —

"Terms net 10 days, to be shipped by freight via the Metropolitan Line;" that it properly packed, addressed and shipped the merchandise to the defendant on or about March 20, 1918, by the New England Steamship Company and that the goods never were received by the defendant.

The only question argued by the plaintiff is that upon all the evidence a verdict should have been ordered in its favor although the shipment was not made by the carrier 'designated by the defendant, and although the goods were lost in transit.

The defendant does not contend that he would not be liable provided the goods had been shipped by the carrier designated by him. Delivery by the seller of merchandise to such carrier would have been delivery to the defendant as buyer, and subsequent loss would have fallen on him as owner. *Levy* v. *Radkay,* 233 Mass. 29. The defence rests wholly on the ground of the misdelivery to a carrier other than the one named by the buyer. Such misdelivery, if there were nothing more to the case, would completely exonerate the defendant from liability. *Wheelhouse* v. *Parr,* 141 Mass. 593.

The plaintiff contends that as matter of law the facts show that the defendant has waived the right to rest upon that defence and that hence it was entitled to a verdict as matter of law.

The facts upon which the plaintiff founds this contention, summarily stated, are that subsequent to the shipment of the goods considerable correspondence passed between the parties; that in no one of the letters written by the defendant did he make complaint or even refer to the fact that the delivery had been made to the wrong carrier; that the plaintiff on April 12, 1918, wrote to the defendant enclosing original straight non-negotiable bill of lading dated "March 21, 1918, reciting the receipt by the New England Steamship Co. on March 26, 1918" of the goods consigned to the defendant at his place of business in Boston and that the defendant acknowledged having received this bill without protest as to the carrier, that the defendant made claim and brought action at law against the New York, New Haven, and Hartford Railroad Company, the declaration therein being in two counts, one in contract for failure to deliver the merchandise and the other for negligence in transportation, in each count the present defendant describing himself as the consignee of goods,

delivered to the carrier by the present plaintiff, which action still is pending.

The burden of proving the affirmative proposition that the defendant had waived his rights, arising from the shipment by the carrier not sanctioned by him, rested upon the plaintiff. *Wylie* v. *Marinofsky*, 201 Mass. 583. *Smith* v. *Hill*, 232 Mass. 188, 191. It is rarely that it can be ruled as matter of law that the burden of proof of the decisive issue, when it depends upon oral testimony or upon the doubtful deductions from undisputed facts or uncontradicted evidence, has been sustained. *McDonough* v. *Metropolitan Life Ins. Co.* 228 Mass. 450, 452, 453, and cases collected. *Duggan* v. *Bay State Street Railway*, 230 Mass. 370, 379. When more than one rational inference can be drawn from the evidence, a question of fact is presented and the result is not a pure question of law. *Killam* v. *Peirce*, 153 Mass. 502. *Frati* v. *Jannini*, 226 Mass. 430. Waiver is the voluntary relinquishment of a known right. It may be established either by words or conduct or both. It may be found to flow from all the circumstances as well as by express revelation of purpose. *Farlow* v. *Ellis*, 15 Gray, 229. *Boyden* v. *Hill*, 198 Mass. 477, 484, 485. Whether there has been a waiver is usually a question of fact. *Fox* v. *Harding*, 7 Cush. 516, 520. *Noyes* v. *Noyes*, 224 Mass. 125, 132. *Suburban Land Co.* v. *Brown, ante,* 166. The case at bar is not an exception but falls within this general rule.

Omission by the defendant, in his letters to the plaintiff, to refer to the shipment by another carrier than the one named by him is not decisive. He was persistent throughout the correspondence in his denial of liability and in his refusal to pay for the merchandise. A natural inference from this conduct might have been found to be that he was insisting upon that ground and was not yielding it simply by attempting to find the property. The delivery of the non-negotiable bill of lading by the plaintiff to the defendant and its retention by the latter is not conclusive. Possession of such a bill of lading is not of much significance as to the title of the property. The carrier rightly could deliver to the consignee and discharge its liability without surrender of such a bill of lading. *Edelstone* v. *Shimmel*, 233 Mass. 45, 48. The naming of the defendant as consignee was some evidence that he was the owner. *Rosenbush* v. *Bernheimer*, 211 Mass. 146. But

it is by no means irrefutable proof.  *New York Central & Hudson River Railroad* v. *York & Whitney Co.* 230 Mass. 206, 222, 223.

The action at law by the defendant against the railroad corporation was not an unequivocal assertion of waiver of his right to rely on the failure of the plaintiff to perform its contract with him as to the selection of the carrier.  He could not recover of the carrier named as defendant except on the theory that he was consignee.  *Finn* v. *Western Railroad,* 112 Mass. 524.  But the case never was brought to trial and the mere suing out of the writ could not have been ruled as matter of law to have been a waiver of his rights against the plaintiff.  It may have been regarded as an attempt to help the plaintiff in tracing the merchandise, or as founded on some other ambiguous design.

The collective weight of all these circumstances is not decisive to the effect that there was a waiver by the defendant of his right. They are not inconsistent with enforcement by the defendant of the strict legal obligation of the plaintiff to him.  Whether there was a waiver was rightly left to the jury under appropriate instructions.  The case at bar is distinguishable from *New York, New Haven, & Hartford Railroad* v. *Sampson,* 222 Mass. 311.

*Exceptions overruled.*