NASHUA RIVER PAPER COMPANY *vs.* EDWIN P. LINDSAY.

Suffolk.    March 31, 1922. — June 29, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & JENNEY, JJ.

*Pleading, Civil,* Answer: waiver. *Waiver. Practice, Civil,* Exceptions. *Sale,*
Warranty.

Waiver by the plaintiff, in an action for breach of a warranty of the quality of
goods sold to the plaintiff by the defendant, is an affirmative defence which
should be alleged in the answer, and it is not open under an answer of
general denial.

The answer in an action for breach of a warranty of the quality of goods sold to the
plaintiff by the defendant in no wise set up as a defence that the alleged breach
had been waived by the plaintiff. An auditor who heard the action did not
discuss nor pass upon any question as to such a waiver. It did not appear that
at a subsequent hearing by a judge without a jury the defence was conducted
on such a theory of waiver. The judge found for the defendant on the ground
of waiver by the plaintiff. Upon exceptions by the plaintiff, it was *held,* that

(1) The plaintiff could not rightly be precluded from recovery on the ground
of waiver when his attention had not been called to that defence by the answer
and the trial had not been conducted as if that defence properly had been
pleaded;

(2) The judge erroneously opened the defence of waiver.

It *was stated* that, while it was not necessary on the record in the action above de-
scribed to decide whether a finding of a voluntary relinquishment of his known
rights against the defendant for breach of warranty of quality would have been
justifiable on the evidence on the record before the court if that defence properly
had been pleaded, there was grave doubt whether such a finding would have
been warranted.

The action above described related to a sale of pulp, warranted to be of quality
known as "No. 1 Kraft" and fit for the manufacture of "No. 1 Kraft" paper.
The judge found and ruled: "While it is clear that accepting the pulp, manu-
facturing it into paper, and selling it to customers as Number 1 Kraft will not
preclude the plaintiff from recovering for a breach of warranty of quality, never-
theless, having accepted and used it, the plaintiff was bound to give notice to
the seller of the breach within a reasonable time after it knew or ought to have
known of it. While from time to time the plaintiff did complain to the defendant
of the quality of the pulp, it was not until certain dissensions arose between the
parties concerning the defendant's diligence as the plaintiff's selling agent in
disposing of its product, and concerning the question whether certain shipments
of pulp made on or after December 16, 1918, were sales or merely consignments
on memorandum, that the plaintiff gave the defendant reason to understand
that it intended to hold him to damages." There was a finding for the defendant
on the ground that the plaintiff had waived his right to hold the defendant for
the breach alleged. The plaintiff alleged exceptions "to the ruling that the fact
that the plaintiff complained to the defendant of the quality of the pulp was

not a sufficient notice of the breach of warranty;" and "to the ruling that it was necessary for the plaintiff to give the defendant reason to understand that it intended to hold him to damages." *Held,* that

(1) The first sentence of the paragraph above quoted was a correct ruling of law in accordance with the controlling provision of the sales act, St. 1908, c. 237, § 49, now G. L. c. 106, § 38;

(2) The remaining portion of the paragraph was a finding of fact and not a ruling of law;

(3) There was no ruling of law that, in order to hold the defendant, the plaintiff must give him reason to understand that it intended to hold him in damages;

(4) Upon the record, the exception above quoted presented no question of law for this court.

CONTRACT, with a declaration in three counts, only one of which, alleging a breach of warranty described in the opinion, now is material. Writ dated March 20, 1919.

The pleadings are described in the opinion. The action was heard by an auditor and, upon the auditor's report, by *McLaughlin,* J., without a jury, who found for the defendant. Material evidence, findings by the judge and exceptions by the plaintiff are described in the opinion.

*R. G. Dodge, (R. S. Wilkins* with him,) for the plaintiff.

*T. W. Proctor, (R. W. Nason* with him,) for the defendant.

RUGG, C. J. This is an action of contract. The single count of the declaration now material alleges that the plaintiff, a paper manufacturer, bought of the defendant, a dealer, large quantities of pulp warranted to be of quality known as "No. 1. Kraft," fit for the manufacture of "No. 1. Kraft" paper, relying upon the defendant's skill and judgment to furnish such pulp, breach of that warranty as to quality and loss to the plaintiff. The answer sets up sale of pulp by sample without warranty, acceptance of same by the plaintiff acting independently of the defendant, and otherwise denies the allegations of the declaration. The answer did not set up that, if there was a warranty and breach, the plaintiff had waived it. The action was referred to an auditor, who found that there was a warranty and breach as alleged, and assessed substantial damages in favor of the plaintiff. It then was tried before a judge without a jury, the evidence being the auditor's report, a stenographic copy of the testimony before the auditor and the exhibits put in evidence before the auditor. Findings made by the judge are incorporated in the exceptions. He did not reverse the finding of the auditor as to warranty of quality and

breach, but apparently assumed their correctness. See *Leonard v. Carleton & Hovey Co.* 230 Mass. 262, 264. He found that the pulp shipped to the plaintiff by the defendant "was received and accepted by the plaintiff and manufactured into paper, which it put upon the market as No. 1 Kraft paper, and represented and sold as such through the agency of the defendant, its selling agent." The conclusion of the finding is that "In view of all the circumstances in the case, the relations of the parties and their written correspondence, and of all the evidence, I am satisfied that if there was any breach of warranty on the defendant's part the plaintiff waived it, and I find for the defendant."

The plaintiff excepted to the rulings (1) that the defendant was not liable, (2) that the fact that the plaintiff complained to the defendant of the quality of the pulp was not sufficient notice of the breach of warranty, and (3) that it was necessary for the plaintiff to give the defendant reason to understand that it intended to hold him to damages.

It is indubitable that the finding in favor of the defendant, rightly interpreted and construed, was founded upon waiver. The exception to the ruling that the defendant was not liable was in substance and effect an exception to the instruction, which the judge necessarily must have given himself, that as matter of law a finding might be made in favor of the defendant on the ground of waiver. That ruling was erroneous. Waiver in a case like the present is an affirmative defence. Waiver is the intentional relinquishment of a known right. It is not open as a defence under a general denial. It must be pleaded and proved by the party alleging it. *Boyden* v. *Hill*, 198 Mass. 477, 486. *Wood* v. *Blanchard*, 212 Mass. 53, 56. *St. John Brothers Co.* v. *Falkson*, 237 Mass. 399, 402. It is analogous in this respect to laches which when relied on as a defence must be pleaded. *Kershishian* v. *Johnson*, 210 Mass. 135, 139. See *Wylie* v. *Marinofsky*, 201 Mass. 583; *Leary* v. *William G. Webber Co.* 210 Mass. 68. Waiver was not pleaded by the present defendant nor in any wise open under the answer. There is nothing in the record to show that the trial proceeded on the theory of waiver as a defence. The auditor in his report does not discuss nor pass upon waiver. Evidence bearing directly upon that question does not appear on the record. A plaintiff cannot rightly be precluded from recovery on

the ground of waiver when his attention has not been called to that defence by the answer unless clearly the trial has been conducted as if it had been properly pleaded. A judge cannot open such a defence at the conclusion of the trial without the express consent of the parties. *Plummer* v. *Boston Elevated Railway,* 198 Mass. 499, 516. *Elkins* v. *Boston & Albany Railroad,* 115 Mass. 190, 201. *Commonwealth* v. *Hassan,* 235 Mass. 26, 32.

There is grave doubt whether on this record there is evidence sufficient to support a finding of waiver. The plaintiff, although an experienced paper maker, was ignorant as to the manufacture of that variety and quality known as Kraft, and appears to have depended in no small measure upon the advice of the expert defendant. Whether it knew, until the final break in its business relations with the defendant, that its difficulties in the manufacture of Kraft were due to the poor quality of the pulp sold to it by the defendant arising from a breach of his warranty of quality, was a question of fact requiring careful discrimination in the weighing of testimony and the inferences to be drawn therefrom. The mere acceptance of the pulp, manufacture of it into paper and the sale of the paper (as the judge rightly ruled) would not prevent the plaintiff from recovery for breach of warranty, provided it gave to the defendant notice of the breach within a reasonable time after it knew or ought to have known of such breach. Sales act, St. 1908, c. 237, § 49, now G. L. c. 106, § 38. It is not necessary to decide whether a finding of a voluntary relinquishment of its known rights against the defendant for breach of his warranty of quality would have been justifiable on this evidence. See *Suburban Land Co. Inc.* v. *Brown,* 237 Mass. 166, 168. It is enough to say that the question of waiver was not open on the pleadings and does not appear to have been fairly and fully tried.

The second and third exceptions are not founded upon any ruling of law apparent on the record. Attention is directed by the plaintiff in this connection to this paragraph in the findings: "While it is clear that accepting the pulp, manufacturing it into paper, and selling it to customers as number 1 Kraft will not preclude the plaintiff from recovering for a breach of warranty of quality, nevertheless, having accepted and used it, the plaintiff was bound to give notice to the seller of the breach within a reasonable time after it knew or ought to have known of it. While from

time to time the plaintiff did complain to the defendant of the quality of the pulp, it was not until certain dissensions arose between the parties concerning the defendant's diligence as the plaintiff's selling agent, in disposing of its product, and concerning the question whether certain shipments of pulp made on or after December 16, 1918, were sales or merely consignments on memorandum, that the plaintiff gave the defendant reason to understand that it intended to hold him to damages." The first sentence of this paragraph is a correct ruling of law in accordance with the controlling provision of the sales act, St. 1908, c. 237, § 49, now G. L. c. 106, § 38. *Trimount Lumber Co.* v. *Murdough,* 229 Mass. 254. We interpret the balance of this paragraph to be a finding of fact and not a ruling of law. Complaints as to the quality of the pulp might have been found a sufficient notice of breach of warranty. *Fisk Rubber Co. of New York* v. *New York, New Haven & Hartford Railroad,* 240 Mass. 40. We do not understand that there was a ruling of law to the contrary. There was no ruling of law that, in order to hold the defendant, the plaintiff must give him reason to understand that it intended to hold him in damages. That, too, as we understand it, is merely a statement of a finding of fact.

<em>Exceptions sustained.</em>