Zottoli, J.
This is an action of contract to recover damages for an alleged breach of an agreement to convey land. The evidence tended to show the following circumstances:
On July 14, 1939 the defendant agreed to sell and the plaintiff to purchase certain land situated in Boston and Brookline, Mass. The purchase price agreed upon was $2500., two hundred dollars of which was to be paid at the time the agreement was signed, and the remainder on or before August 12, 1939, upon the delivery of the deed. At the time the parties executed the agreement, the $200. in cash was not paid as provided by the terms of said agreement, but in lieu thereof the plaintiff gave the defendant a check for $200., drawn on the First National Bank of Boston. The check was signed by one Nathan Ginsberg as maker and made payable to the order of the plaintiff, who then indorsed it to the order of the defendant. On July 15, 1939, *351 at 9:52 A. M., the defendant deposited the said cheek in the First National Bank of Boston. On the same date, at 8:16 A. M., Ginsberg stopped payment of said check, and it was protested for non-payment. At the time the plaintiff entered into the agreement with the defendant the aforementioned Ginsberg had arranged to finance the plaintiff, who had been a builder for thirty years. After the agreement had been signed by the plaintiff and the defendant, said Ginsberg informed the plaintiff he would not go through with the arrangement. Two or three days thereafter the plaintiff called on the defendant and told him that the mortgagee did not want “to go through with the deal, and the defendant kept quiet”; — “he asked the defendant to let him out of the deal, and the defendant told him to call a couple of days later” — “the plaintiff called a couple of days later and asked the defendant if he would let him out of the deal, and the defendant replied that he would hold the plaintiff responsible under the agreement”. The evidence reported further tended to show that “the plaintiff saw the defendant on July 17th and told the defendant he would arrange to finance the deal through somebody else”, — that on the 12th day of August the plaintiff “was prepared to go through with the deal and, with his attorney, was at the Suffolk Registry of Deeds at the time agreed upon with the money — to take title to the land”, — but— “that the defendant was not at said Registry, and the plaintiff never got the property”. It further appeared in evidence that the “defendant brought suit against Ginsberg on the $200. check, by writ dated July 18th and returnable to the Municipal Court of Boston, August 5, 1939; that on August 3rd, 1939, at approximately five minutes past one, Michaels, attorney for Ginsberg, called at the defendant’s *352 office and tendered $207. in payment of said suit by the defendant against Ginsberg; that the defendant took said sum, and later in the day mailed the check to Michaels.” The report sets out further testimony to the effect that the defendant on July 17, 1939, was told that the plaintiff wanted “his $200. back and to cancel the agreement, and that defendant said he would resell the land and hold the plaintiff for the difference” — “that plaintiff said he didn’t want to purchase the land and was not going through with the sale; that, thereafter, — (one) — Parker procured another purchaser, to whom the land was sold for $2500., on which date Parker informed plaintiff that the land had been sold”— “that on July 27 defendant entered into an agreement with one Isadore Rudnick for the sale of the land” — “and that in pursuant of said agreement, papers were recorded in Suffolk Registry of Deeds on August 3,1939,12:55 P. M.; that on August 3, defendant arrived at his office from the Registry of Deeds at about 1:10 P. M.; — that ten or fifteen minutes later Michaels tendered him $207. in the suit of the defendant against Ginsberg on the $200. check; that at said time defendant told Michaels that he had just returned from the Registry of Deeds where he passed papers on the land involved in the transaction with the plaintiff, and that the defendant had an appointment to go to Dedham to pass papers as to the Brookline portion”.
At the close of the evidence the defendant duly filed five requests for rulings. The court denied the first two, commenting, “see findings of fact”. It also denied the last three, commenting, “assumed facts not so found”. The court made the following ruling: “I rule that Lakson’s retention of the check beyond a reasonable time, supplemented by his bringing suit thereon against the maker *353 (Ginsberg), constituted a waiver of the breach committed by Hurwitz”.
The first two requests, in substance, asked the court to rule that the “plaintiff’s failure to pay, or cause to be paid, the two hundred dollar check, between the time of the delivery thereof and the time that the defendant agreed to sell the land to another, (a) was a breach of the agreement which gave the defendant a right to sell the land to another, (b) excused the defendant from further performance of his agreement with the plaintiff, (c) entitled the defendant to consider the contract as repudiated by the plaintiff ’ ’, and, therefore, the finding must be for the defendant. The conclusion we have reached obviates the necessity of our passing on the defendant’s alleged grievance posited on the Court’s denial of the defendant’s third, fourth and fifth requests and we proceed to consider his alleged grievance because of the Court’s treatment of his first and second requests and its ruling to the effect that the retention of the check, under the stated circumstances “constituted a waiver of the breach committed by Hurwitz”.
It is apparent, from the last clause of the Court’s ruling, the Court found, and we think properly so, that the contract was breached by the plaintiff when payment on the check was unjustifiably stopped. It is well established that if a contract contains no clause excusing a party from the performance of an undertaking and the breach is so important that it amounts to a breach of contract, the other party may refuse to go on, and may bring an action for the non-performance. Ordinarily, whether the breach is serious enough to justify refusal of further performance, is a question of fact. This rule is fundamental and has been applied in a variety of eases. Keefe v. Fairfield, 184 Mass. *354 334, McLaughlin v. Catholic Knights of America, 184 Mass., 298, 303, 304, King v. Milliken, 248 Mass. 460, 463, Bradley Lumber & Manuf. Co. v. Cutler, 253 Mass. 37, 48, Cobb v. Library Bureau, 268 Mass. 316, 317, Andre v. Maguire, 305 Mass. 515, 516.
It is also well settled that the plaintiff, after the breach, unless the defendant waived it, could not by his own wrongful act have imposed upon the defendant the necessity of retaining property which his exigencies may have required him to sell. King v. Milliken, 248 Mass. 460, 461.
Evidently the Court recognized the fact that the agreement had been breached by the plaintiff but attempted to overcome the effect of the breach by ruling that “Lakson’s retention of the check beyond a reasonable time supplemented by his bringing suit thereon against the maker (Ginsberg) constituted a waiver of the breach committed by Hurwitz”. If this ruling is sound, the defendant’s first and second requests would be rendered moot and immaterial and, therefore, properly denied. On the other hand, if the said ruling was not sound, there was error in the denial of the first and second requests because they are sound in law.
The fundamental issue, therefore, is whether the acts referred to by the Court constituted waiver as matter of law. If the evidence warranted a finding for either the plaintiff or the defendant, the ruling of the Court was erroneous. Pearson v. O’Connell, 291 Mass. 527, cf. United States Fidelity & Guaranty Company v. Sheehan, Mass. A. S. (1941) 329, 330, Clarke v. Title Ins. Co., 214 Mass. 31. Waiver has been defined to be “the intentional relinquishment of a known right”. In the case of St. John Brothers Co. v. Nelson, 237 Mass. 399 at 402, the Court pointed out that “the burden of proving the affirmative proposition *355 that the defendant had waived his rights — rested upon the plaintiff”,- and “it is rarely that it can be ruled as matter of law that the burden of proof of the decisive issue, when it depends upon oral testimony or upon doubtful deductions from undisputed facts or uncontradicted evidence, has been sustained”. . . “When more than one rational inference can be drawn from the evidence, a question of fact is presented and the result is not a pure question of law” . . . “Whether there has been a waiver is usually a question of fact”. This statement applies with peculiar force to the facts of the case before us. It needs no further citation of authorities to show that the defendant had a right to enjoy the benefits of his contract. When he deposited the check on July 15, 1939 he was acting within his rights. So too, when he had “the check protested” for non-payment. The defendant also acted within his rights when on July 18, 1939 he brought suit on the said check against the" maker of it. This conduct on the part of the defendant was not so unequivocal as to warrant the ruling that the defendant had waived the breach, cf. Garfield etc., Co. v. Fitchburg Railroad, 166 Mass. 119, 123, Boyden v. Hill, 198 Mass. 477, 485. That conduct on the part of the defendant is equally consistent with the thought that the defendant was seeking the security he was entitled to by the terms of his contract, to apply it to such losses he might be caused by the plaintiff’s breach. In any event, from all that the evidence discloses of what was said and done with reference to the breach, the case comes within that class of cases in which it had been held that a question of fact was presented. Farlow v. Ellis & another, 15 Gray 229, 231, 233, Fox et al. v. Harding et al., 7 Cush. 516, 520, Noyes v. Noyes, 224 Mass. 125, 132, Suburban Land Co. Inc. v. Brown, 237 Mass. 166, *356 168, St. John Brothers Co. v. Falkson, 237 Mass. 399, 402, Taxi Service Co. v. Gulf Refining Co., 252 Mass. 314, 319, Cave v. Osborne, 193 Mass, 482, 485. As it cannot be said that the Court’s voluntary ruling, and its denial of the defendant’s first and second requests was not prejudicial error, a new trial must be ordered.
In view of the fact that a new trial is granted, it may serve a useful purpose to state that we have considered the issues presented on their merits, on the theory that the trial had been conducted as if waiver had been properly pleaded; but it is clear that waiver must be pleaded and proved by the party alleging it, and that a judge cannot allow such a justification for the failure to perform a requirement of a contract, at the conclusion of a trial, without the express consent of the parties, unless the trial has been conducted as if waiver had been properly pleaded, cf. Nashua River Paper Co. v. Lindsay, 242 Mass. 206, 209.
Finding vacated; new trial granted.