*Municipal Court of the City of Boston*

No. 367930

**WILLIAM J. TERRY, d/b/a**
**BOSTON MACHINE TOOL COMPANY**

**v.**

**OLD COLONY INSURANCE COMPANY**

(October 10, 1954)

*Adlow, C. J.* Action of contract to recover damages for a loss allegedly covered by a Transit Policy issued by the Old Colony Insurance Company to William J. Terry, doing business as the Boston Machine Tool Company.

On October 7, 1952, a one year policy was issued by the defendant insurer in favor of the plaintiff assured. Subject to certain exceptions, not here material, this policy insured machinery of the plaintiff while in transit against all risks of physical loss or damage from any external cause. Under the terms of the Transit Rider in said policy the insurance covered "the property of the assured, or the property

of others for whom the assured is acting as buyer, processor, or similar agent." By the same rider the policy covered only property while in the custody of a railroad, an express company, a public truckman, land transportation company, or while in the custody of a common carrier on a dock, wharf, pier, bulkhead, in a depot or station, or on a platform.

On or about February 16, 1953, the pliantiff, who had purchased a lathe in East Boston for $5,750.00, sold it for $6,500.00 to the Williams Machine Company, Inc., of Poultney, Vermont. The sale was made in East Boston, where the lathe was located and the invoice noted that the conditions of sale were "as is and where is". At the request of the buyer the seller arranged with the Riverside Transportation Co., a common carrier, to move the lathe to Poultney, Vermont, and the buyer agreed to pay and did pay the transportation charges.

The carrier loaded the lathe in East Boston and transported it to the plant of the William Machine Company, Inc., in Poultney, Vermont. Under the original arrangement made with the carrier, the lathe was to be unloaded by the buyer. While it was being unloaded, a crack was discovered, about twelve to fourteen inches above the junction of the two sections of the lathe, and there was evidence that the consequent damage lessened the value of the lathe by $4500. It is to be noted that the purchase price of $6500 had been paid to the plaintiff, and that on arrival at Poultney, Vermont, the buyer signed a receipt for the delivery of the machine and paid the freight charges on same.

In this action the seller sued on the Transit Policy for the damage to the lathe, and to the refusal of the court to rule that the damage above described was covered by this policy, he brings this report.

The court was right in refusing to rule as requested by the plaintiff. By the terms of the contract of insurance the plaintiff was protected against external injury—

"On lawful goods and merchandise including packages, consisting of all types of machinery, new and used, the property of the assured, or the property of others for whom the assured is acting as buyer, processor, or similar agent".

None of these conditions are found in the cause in issue. The lathe ceased to be the property of the assured when the sale was made and the invoice given. G. L. c. 106, §21. *St. John Brothers Company v. Falkson*, 237 Mass. 399, 401. *Shapiro v. Park Trust Co.*, 253 Mass. 383, 389, 390. Nor can it be said that the assured was acting as the "buyer, processor or similar agent" for the purchaser. In every sense the plaintiff had made an absolute transfer of his property in the lathe, and had received the purchase price in money. No legal or equitable interest in the lathe continued in him. When the lathe was damaged while being unloaded, as the court found, the loss fell upon the buyer which had both title to and possession of it. *Gordon v. Mass. Fire & Marine Ins. Co.*, 2 Pick. 249, 258. See also G. L. c. 106, §24.

The complete absence of those conditions which are the indispensable prerequisites to recovery under this policy vindicate the ruling of the lower court.

Report Dismissed.

Timothy H. Donohue, for the plaintiff.

Frank P. Hurley, for the defendant.